VINCENT WAGNER, RESPONDENT, *v.* FRANCIS A. HANNA, APPELLANT.

EASEMENT—CONVEYANCE—CONSTRUCTION OF.—When the owner of a tract of land sells one-half of it, reserving a right of way across it, and in the same deed grants to the vendee a right of way across the unsold half, these rights are not annexed to, or appurtenant to the respective tracts, and do not pass with the title. Whether the grant of a right of way be in gross, or appurtenant to some other estate, must be determined from the grant itself, and not by matters *aliunde*. CROCKETT, J., dissenting.

EASEMENT AND RIGHT OF WAY IN GROSS.—The principal distinction between an easement and a right of way in gross, is, that in the first there is, and in the second there is not, a dominant tenement.

EASEMENT.—The grant of an easement is always made for the benefit of other premises, which are described in the grant.

EASEMENT—STATUTE OF FRAUDS.—A right of way is an interest in lands, to be conveyed only by an instrument in writing, which must describe the interest conveyed. If it is appurtenant to another tract, it must be so described, together with the tract of land to which it is appurtenant.

EASEMENT.—If there be two tracts of land, in one of which the owner or vendor reserves, and in the other grants a right of way, each becomes the dominant tract in respect to the right of way secured across the other. *Per* CROCKETT, J.

APPEAL from the District Court of the Seventh District, County of Marin.

Action for damages against the defendant for obstructing the plaintiff in the enjoyment of a right of way across the defendant's land, and for an injunction restraining the continuance of said obstructions.

The complaint contained two counts. The first count set forth, among other matters, that one Wolfle was once the owner of both the plaintiff's and defendant's tracts of land. That Wolfle sold the tract now owned by defendant, constituting the eastern portion of his entire rancho, to one Carter, who is defendant's grantor. And "that in his deed of conveyance, and by the express terms and provisions thereof, the said Wolfle granted and conveyed a right of way through the remaining part of his said rancho to the Petaluma road, and also reserved to himself the privilege, free use and right of way through the premises conveyed by said last mentioned deed and described therein, to the embarcadero on said Santa Margarita creek, which said right of way, so reserved as aforesaid, thereby became and was and is appurtenant to the remaining portion of the premises hereinbefore described, and the premises so conveyed by said Wolfle to said Carter, thereby became and was and is subject to the right of way." And that subsequently the plaintiff became the purchaser from said Wolfle of the remaining portion of the land.

The second count of the complaint alleged a seven years' enjoyment of the right of way across the premises of the defendant.

To this complaint the defendant filed his answer, in which, among other things, he "denies that any reservation of passing over the said easterly part of said premises in any deed from the said Wolfle to said Carter, as stated in the complaint, was or is an appurtenant to the remaining portion of the said premises, or to any portion of said premises—or that any such reservation inured or passed to the plaintiff, by or through any deed to the said plaintiff, or that the said premises conveyed to the said Carter by the said Wolfle, were or are subject to the said reservation, or to any right to the said plaintiff to pass over the said premises, and that said plaintiff ever had, or now has, any right or privilege to pass over any portion or part of the premises of this defendant in any way or manner whatever, or for any purpose whatever, either by any deed of conveyance, or by any covenant or agreement, or by any grant from any person to the said plaintiff, or by any prescriptive right, or by any uses thereof,

or by or through any other means whatever, either at law or in equity."

Upon motion of the plaintiff, the Court rendered judgment as prayed for in his favor upon the pleadings, and the defendant appealed.

*Thos. H. Hanson*, for Appellant.

*S. F. & L. Reynolds*, of Counsel.

*First*—An easement or servitude is a right which one proprietor has to some profit, benefit or lawful use, out of or over the estate of another proprietor.   (Wash. on Easements, 4; *Ritger* v. *Parker*, 8 Cush., 145.)

The qualities of easements are these : 1st—They are incorporeal.   2d—They are imposed on corporeal property, and not upon the owner thereof.   3d—They confer no right to a participation in the profits arising from such property. 4th—They are imposed for the benefit of corporeal property. 5th—There must be two distinct estates—the dominant, to which the right belongs, and the servient, upon which the obligation rests.   (Wash. on Easements, 3–8; *Wolfe* v. *Frost*, 4 Sand. Ch. 72.)

In this case there was no dominant estate.   The reservation was not for the benefit of the western half of Wolfle's land, nor was connected with that, nor did it include it as an appurtenant.   It was a reservation in gross, personally to Wolfle himself.   (2 Blackstone, 35; *Ackroyde* v. *Smith*, 70 E. C. L. R. 164, 180–186; *Garrison* v. *Rudd*, 19 Ill. 559, 560, 564; Wash. on Easements, 8.)

These authorities clearly settle that this reservation is a mere right *in gross*, and is therefore a personal right, not assignable nor inheritable.   Such a right cannot be made so by any terms in the grant, any more than a collateral and independent covenant can be made to run with the land. (*Kippel* v. *Bailey*, 2 Mylne & Keen, 517, 537–8, 546–7.

*Second*—The Court erred in granting judgment for the plaintiff upon the pleadings, as appears by the bill of exceptions.

The answer of the defendant clearly put in issue the material allegations of the complaint. The contest between the parties was whether the deed contained such a reservation as set forth in the complaint, and what was the legal effect of such reservation.

The answer (folio 38) denies that any such reservation passed to the plaintiff by any deed to the plaintiff. Admit that the reservation was even such that could pass to the plaintiff, by this denial the defendant has put in issue that fact, which is material to be proven by the plaintiff.

*Bradley Hall*, for Respondent.

*First*—A right of way may be in gross—that is, attached to the person using it, or appurtenant to land. The latter species of way is considered most worthy, and hence a way is never presumed to be in gross where it can fairly be considered as appurtenant. (*In the case of a private road*, 1 Ashm. 417, cited with approbation in Wash. on Ease. p. 28.)

The reservation in the deed from Wolfle to Carter is in almost the precise language of a reservation of a right of way, in the cases of *Kent* v. *Waite* (10 Pick. 138); *Atkins* v. *Bordman* (2 Metc. 457); *Brown* v. *Thissel* (6 Metc. 254); *Underwood* v. *Carney* (1 Cush. 285); *Smith* v. *Higbee* (12 Vt. 123), except the omission of the words "heirs" and "assigns." As to the word "heirs," it is no longer necessary to convey the fee, since the passage of our Act concerning conveyances, and in the form of deed stated by Kent (4 Kent's Comm. 461) to be sufficient, in his opinion, to pass the fee in any State in the Union, the word "assigns" is not used. (See, also, 2 Wash. R. P. p. 608.)

The authorities are by no means unanimous that a right in gross, in the nature of an easement, cannot be assigned. (*White* v. *Crawford*, 10 Mass. 183, citing *Senhouse* v. *Christian*, 560.) But we do not consider it necessary to discuss that point here.

This right of way having become appurtenant to the premises retained by Wolfle (the dominant estate in this case), it passed to respondent, Wagner, by virtue of the deed from Wolfle to him under the name of appurtenances

(*Garrison* v. *Rudd,* citing several authorities); and would have so passed even had not the term privileges or appurtenances been used in the deed (Wash. on Ease, p. 25), and whether necessary to the enjoyment of the granted estate or not.  (*Id.*)

*Second.* —The Court did not err in rendering judgment for plaintiff on the pleadings.

The reservation of a right of way in the deed from Wolfle to Carter, and the conveyance thereafter to Wagner of Wolfle's premises, with the appurtenances, is nowhere denied in the answer.  It is true defendant denies that said right of way was appurtenant to plaintiff's premises, or that the reservation in Wolfle's deed to Carter "inured or passed to the plaintiff by or through any deed to the said plaintiff."  Further along in the answer, defendant denies that plaintiff ever had, or now has, such right of way.  These are mere conclusions of law—the precise questions we are calling on this Court to decide from the facts in the case.  The answer essays to review the same issues of law raised by the demurrer, and nothing more ; and the Court, having overruled the demurrer, was bound to decide the same questions the same way as before.

RHODES, J., delivered the opinion of the Court :

In the first count of the complaint, it is alleged that Wolfle, who was the owner of a certain tract of land, conveyed the easterly portion thereof to Carter ; that, in and by the deed of conveyance, Wolfle " reserved to himself the privilege, free use and right of way through the premises conveyed by said last mentioned deed, and described therein, to the embarcadero on said Santa Margarita creek, which right of way, reserved as. aforesaid, thereby became, and was and is appurtenant to the remaining portion of the premises hereinbefore described, and the premises so conveyed by said Wolfle to said Carter thereby became, and was and is subject to the said right of way."  There is no other allegation in that count showing, or more fully stating, the origin of the right of way over the land conveyed to Carter.  The defendant

succeeded to Carter's title, and the plaintiff is the owner of the westerly portion of the tract of land. It is claimed by the plaintiff that the reservation of the right· of way over the easterly portion of the tract—the land conveyed to Carter—created an easement, which became appurtenant to the westerly portion of the tract—the land retained by Wolfle—and that the easement passed with the land, under the deed of conveyance of Wolfle to the plaintiff. On the other side, it is contended that the right of way was only a right in gross, which was personal to Wolfle, and, therefore, not transferable.

An easement may be created by grant, or it may be acquired by prescription. The grant may be either express or implied. A reservation of an easement in the deed by which the lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands. There is nothing in the first count going to show a grant of the easement by implication; and the question is, whether the terms of the deed, as therein alleged, show an express grant. The only allegation of a grant is that already quoted: that Wolfle "reserved to himself the privilege, free use and right of way through the premises conveyed," to the embarcadero. The averments following this : that thereby the right of way so reserved became appurtenant to the premises reserved by Wolfle, and that, thereby, the premises conveyed to Carter became subject to said right of way—are not the averment of facts, but of conclusions of law.

To the creation of a right of way that amounts to an easement, and not merely to a right of way in gross, two tenements are necessary—the dominant; to which the right of way belongs, and the servient, upon which the obligation rests. (Wash. on Ease. 3 ; *Wolf* v. *Frost*, 4 Sand. Ch. 72.) The principal distinction between a right of way in gross and an easement is found in the fact that in the first there is, and in the second there is not, a dominant tenement. The right of way is in gross, and personal to the grantee, because it is not appurtenant to other premises. The owner of premises may grant the right of way in either form, and, if it is the

intention to grant a right of way in gross, there is no mention of dominant premises. If the grant is of an easement, it is always made for the benefit of other premises, and the premises to which the way becomes appurtenant, are described in the grant. There is nothing in the reservation in the deed mentioned in the complaint, which points to a dominant tenement.

Though a right of way may be granted in gross, this is never presumed, when it can fairly be presumed to be appurtenant to some other estate. But this question is to be determined by a construction of the grant. (Wash. on Ease. 28.) The fact appearing *aliunde* the grant, that the grantee owned an estate, would not tend to show that the way was granted for the benefit of such estate. Had the grantee owned several distinct parcels of land, it would not be contended that the way was appurtenant to each of them. But, there is no better reason why it should be appurtenant to one parcel, when the grantee owned only the one parcel, than to each parcel, when he owned several parcels, if in neither case, *it appears from the grant* that the right of way was created for the benefit of any particular estate.

A further objection is found in the Statute of Frauds, to construing the right of way as appurtenant to the land of the plaintiff. A right of way is an interest in land, and can be conveyed only by an instrument in writing. The writing must describe the interest conveyed. If it is appurtenant to another tract of land, it must be so described in the conveyance, for that fact could not be added to the instrument by parol evidence, without violating of the statutory rule. It is of the very substance of an express grant, that the way be granted for the benefit of a particular estate, and the description of such estate—the dominant estate—is as essential as that of the servient estate.

But if the averment that the "right of way reserved as aforesaid, thereby became, and was and is appurtenant to the remaining portion of the premises hereinbefore described," is not a mere legal conclusion, as we hold, but an averment that the way was, in fact, appurtenant, then that averment was sufficiently denied in the answer, and the plaintiff was

not entitled to judgment on the pleadings. The deed upon which the plaintiff relies is not before us.

Judgment reversed, and cause remanded for a new trial.

CROCKETT, J., dissenting :

I do not concur in the conclusions at which my associates have arrived in this case. A deed reserving or creating an easement or right of way is to be construed like any other deed or instrument, according to the intention of the parties to it. When the intention appears from the face of the instrument, viewed in the light of the surrounding circumstances, effect will be given to it accordingly. If it appears from the deed, thus construed, that it was intended to reserve only a *personal* right to pass over the land, this is what is termed a right of way in gross, and is neither assignable or appurtenant to any other land. On the other hand, if it appears that it was intended to create a *permanent* right of way, for the benefit of an adjoining or contiguous tract, by whomsoever owned or enjoyed, then it is an *easement* in a legal sense, which becomes appurtenant to such other tract, and passes, with the title, to all subsequent holders of it. The question for solution in this case is, whether the deed from Wolfle to Carter reserved to the former only a right of way in gross, which was personal, and not assignable, or whether it created an easement which became appurtenant to the remaining portion of the tract, not sold and conveyed by Wolfle to Carter. The facts are, that Wolfle, being the owner of a tract of land, sold and conveyed the *eastern* half of it to Carter, and in the deed, granted and conveyed also to Carter a right of way through the *western* half, to the Petaluma road, and, in the same deed, reserves to himself "the privilege, free use and right of way" through the premises conveyed to Carter, to the embarcadero on Santa Margarita creek. Was this right of way, mutually secured to the parties, intended by them to be only a personal right, not transferable, or was it designed to be permanent and annexed to the respective tracts by whomsoever they might thereafter be held and enjoyed?

I cannot resist the conclusion that the latter is the true construction of the deed.

The two tracts are sufficiently described, and each becomes the dominant tract in respect to the right of way secured across the other. If either had stood alone and unconnected with the other, it might well have been deemed a mere personal privilege, not appurtenant to the land. But when the owner of a tract of land sells and conveys one half of it, reserving a right of way across it, and, in the same deed, grants to his vendee a right of way across the other half, it appears to me to be obvious that these were privileges intended to be annexed to the respective tracts, and to become appurtenant to them, and, of course, to pass with the title. In my opinion, the judgment ought to be affirmed.