[Civ. No. 719.   Second Appellate District.—January 13, 1910.]

THE McCARTHY COMPANY, a Corporation, Appellant, v. FRANK MOIR and LIZZIE MOIR, His Wife, Respondents.

EASEMENT IN STREET—RECORDED CONTRACT—MARKED STREET—SUIT TO QUIET TITLE — PURCHASE WITH NOTICE — SUPPORT OF FINDINGS.— Where a recorded contract for the sale of lots was made to one defendant, who conveyed to the other, and the contract referred to a proposed map of the grantor describing the lots as "fronting one hundred feet on Burnett Avenue," and taken off of two specified lots, and having a width of fifty feet, then marked on the ground, and the grantor sold the residue of the lots to plaintiff, expressly reserving the rights of said defendant under his contract, whereupon plaintiff refused to recognize the existence of said street on said two lots, and sued defendants to quiet his title thereto, it is held that findings for defendants that the street was laid out when the contract was made, and that plaintiff purchased with notice of said contract and of the easement of the vendee in said street, were sustained by sufficient evidence.

ID.—CONSTRUCTIVE NOTICE TO PLAINTIFF.—The recorded contract to which the plaintiff's rights were expressly made subject afforded notice to the plaintiff that the sale to the defendant purchaser was made upon the representation that the lots were bounded on the east by the street named, the exact location and width of which was marked upon the ground.

ID.—STREET APPURTENANT TO LOTS SOLD.—Where lots are sold as fronting on, or bounded by, a certain space designated in the conveyance as a street, the use of such space as a street passes as appurtenant to the grant.

ID.—RIGHTS OF DEFENDANTS NOT RESTING IN PAROL.—The rights of neither of the defendants rested in parol, nor did they have their origin in parol. The easement is appurtenant to the lots purchased, and is described in the recorded contract as having a frontage of one hundred feet on the street named therein.

ID.—EVIDENCE — ACTS OF ORIGINAL OWNER IN LOCATING BUILDINGS FRONTING ON SAME STREET.—The court properly admitted evidence of the acts of the original owner in locating buildings and other improvements upon the lots with reference to frontage upon the same named street. It was a circumstance corroborating the location of the street upon which the improvements fronted, and which, taken in connection with the recorded contract, was calculated to notify plaintiff of the existence of the street.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Clifton Axtell, and Edward L. Payne, for Appellant.

Edgar E. Lefebvre, for Respondents.

SHAW, J.—Action to quiet title. On January 9, 1904, one Harvey Rice, as owner, made a contract to sell to defendant Frank Moir certain real estate situate in Los Angeles county, California, the description of which and consideration therefor, as inserted in the contract, being as follows: ''Lots No. 19 and 20 of the proposed map of the Rice Tract. Located on the S. W. corner of South Main and Rice Av's, being 328.61 feet west of Main St. Located on the S. West corner of Rice and Burnett Av's, being 100 ft. front on Burnett Ave. running back 128.61 ft. west. Said tract of land above described having been sold to said Frank Moir this day for the sum of forty-five hundred dollars, ——— of the United States of America, the balance to be paid as follows: Two hundred ($200) dollars every 6 months on or before, with interest at 9 per cent per annum, payable at office of Grider & Hamilton, city of Los Angeles.'' Moir assigned the contract to his wife, Lizzie Moir.

Rice did not subdivide the property, but thereafter conveyed the entire tract, including the parcels of land sold to Moir, to the plaintiff, subject, however, to the rights and in-

terest of Moir under said contract. Upon acquiring the property plaintiff proceeded to subdivide and plat the same, locating upon the ground the lots designated as "No. 19 & 20 of the proposed map of the Rice Tract," as called for in said contract, save and except that no street was laid out or platted to represent Burnett avenue as called for in the contract. According to the map of the subdivision, the land which defendants claim should have constituted the street known as Burnett avenue was delineated thereon as Lot 22 and 10 feet off the west side of Lot 23.

The controversy involves the right of defendants to an easement over the land designated as lot 22 and 10 feet off the west side of Lot 23. The court found that, at the time of plaintiff's purchase, the contract was on record, and that plaintiff took the property subject to the contract and with notice of the existence of said street. That at the time of the execution of the contract to Moir there were improvements upon the property consisting of a dwelling-house constructed to front on the street called Burnett avenue, and that a street had been laid out in front of said property fifty feet wide, occupying what is now shown on said map of record as Lot 22 and the west 10 feet of Lot 23 of said tract. As a conclusion of law, the court found plaintiff to be the owner of Lots 19 and 20, in Block A, of the subdivision so laid out by plaintiff, subject, however, to the terms and conditions of the contract made between Rice and defendant Frank Moir, and that plaintiff was the owner of Lots 22 and 23, in said Block A, subject to the right of defendants to an easement or right of way for street purposes over and across the same, and gave judgment accordingly. Plaintiff appeals from the judgment and an order denying its motion for a new trial.

It is insisted that the finding, to the effect that at the time of the execution of the contract a street fifty feet in width had been laid out in front of the property to represent Burnett avenue, is unsupported by the evidence. While the evidence is not as full as it might be, nevertheless it tends to support the finding, and being uncontradicted it must be deemed sufficient. Moir testifies that at the time he took possession a street was laid out on the side of the property, which he used and in which a water-pipe was laid leading to

the house which fronted upon this street. Another witness testified that he made two surveys of the property, the first being made about six months after the contract of purchase was made, at which time he found a street laid out to the east of the property and marked by stakes. It also appears that this street as marked upon the ground was fifty feet in width. There is no reason for assuming that Moir in his testimony referred, as contended by appellant, to Rice street, as to which there was no controversy.

Appellant also attacks the finding to the effect that plaintiff purchased with notice of the existence of the street. This contention is fully answered by the fact that the contract described the lots as "fronting one hundred feet on Burnett avenue," and that a street fifty feet in width had actually been laid out and marked upon the ground by stakes and corresponded with the street upon which the contract described the lots as fronting one hundred feet. The contract afforded notice to appellant that the sale was made to Moir upon the representation of the seller that the lots were bounded on the east by a street the exact location and width of which was marked upon the ground. See *Breed et al.* v. *Cunningham*, 2 Cal. 361, where it is said: "Where lots are sold as fronting on, or bounded by, a certain space, designated in the conveyance as a street, the use of such space as a street passes, as appurtenant to the grant," etc. (See, also, *Stone* v. *Brooks*, 35 Cal. 489; *Archer* v. *Salinas City*, 93 Cal. 43, [28 Pac. 839].) The lots were sold according to the proposed map of the subdivision to be made of the tract, which in the minds of the parties contemplated the location of streets on both the east and north boundary lines of the lots, of which fact the court, upon sufficient evidence, found that plaintiff had notice. The rights of defendant Lizzie Moir do not rest in parol, nor did they have their origin in mere parol, as suggested by appellant. The easement is appurtenant to Lots 19 and 20 and described in the contract as having a frontage of one hundred feet on Burnett avenue. (*Wagner* v. *Hanna*, 38 Cal. 111, [99 Am. Dec. 354].)

There was no error in the court's ruling under which evidence was admitted as to the acts of Rice, the original owner, in locating the buildings and improvements upon the lots

with reference to the proposed street called Burnett avenue. (*Myers* v. *Kenyon,* 7 Cal. App. 112, [93 Pac. 888].)   It was a circumstance not only tending in some degree to corroborate the location of a street upon which the house and other improvements fronted, but also a circumstance which, taken in connection with the contract, was calculated to give notice to plaintiff of the existence of such street.   Conceding that questions as to the interior arrangement of the house were incompetent by reason of the same being immaterial, it is apparent that the rights of plaintiff were not prejudiced by the evidence thus elicited.

We find no prejudicial error, and the judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.