## PAUL CHASE *vs.* RACHEL H. CRAM.

### MAY 11, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Grants.  Easements.  Waters.*

X, the father of complainant and respondent, was the owner of a farm upon which a spring was situated. The water had been used for years entirely in connection with the farm and constituted its most abundant and desirable supply.

X conveyed to his son, A, a tract of land, together with the right to A, his heirs and assigns "to take water from my spring for his family use." X later conveyed to his daughter, B, another portion of the tract, together with "a privilege to take water from the spring on my farm as occasion may require."

Later X conveyed to his sons, A and C, the remaining portions of the farm, with a right to C to take water from the spring for family use.

*Held,* that the grant was not ambiguous and oral testimony, tending to show intent of grantor was properly excluded.

*Held,* further, that X intended the right granted to B should be exercised for the benefit of the land which he conveyed to her, and that the land should be placed in the same situation regarding the water supply that it had before occupied as a part of the whole tract, and hence, the easement would be appurtenant to the land.

*Held,* further, that the words "as occasion may require" used in connection with the conveyance of a specific tract of land and under the circumstances of the case might be reasonably construed to refer to occasions arising out of the enjoyment of the land and consistent with its requirements.

*Held,* further, that B had an easement in the spring appurtenant to the land conveyed to her enabling her to use and to furnish to others to be used thereon, such quantity of water as she saw fit, subject to the rights of A and C to take water for family use.

*(2)   Grants, Appurtenant and in Gross.   Easements.*

Where there is a doubt as to the real nature of the grant, the presumption must be in favor of the appurtenant easement.

*(3)   Grants.   Ambiguity.*

In determining the question of ambiguity as well as the question as to the nature and scope of a grant, the court may properly consider not only the terms of the grant itself, but the nature of the right and the surrounding circumstances.

BILL IN EQUITY.   Heard on appeal of complainant and sustained.

The decree entered in the Superior Court was as follows:

## "FINAL DECREE.

"This cause coming on to be heard upon bill, answer and oral evidence, and having been argued by counsel, upon consideration thereof,

"IT IS ORDERED, ADJUDGED AND DECREED, that by and under the deed from Daniel Chase to the respondent, Rachel H. Cram, formerly Rachel H. Chase, dated April 5, 1892, by which said Daniel Chase granted and conveyed to the respondent, her heirs and assigns, thirty acres of land and 'also a privilege to take water from the spring on my farm as occasion may require,' the respondent took an estate or interest in the land then owned by Daniel Chase and now owned by the complainant, Paul Chase, in which the spring described in said bill of complaint is located which was assignable, and inheritable, and which was not appurtenant to the land granted to her; and that the respondent by selling water from the spring to be used on land other than that described in said deed from Daniel Chase to her, and in making use of the water for the other purposes set forth in said bill of complaint and in her answer thereto, has not exceeded the right granted to her either in the amount of water taken by her from said spring or in the use made of the same; and that the respondent is not limited in any way as to the use she may make of the water

of said spring, but only as to the amount which may be taken by her therefrom, and that the only limitation as to the amount of water which she may take is that she shall leave enough water in said spring at all times for Halsey Chase and Paul Chase for their family use, respectively, as provided for in the deeds to each of them from Daniel Chase, dated November 26, 1890, and December 9, 1890; and that said bill of complaint is dismissed with costs to the respondent."

VINCENT, J.   This is a bill in equity brought by the complainant to restrain the respondent from taking water from a spring for uses alleged to be in excess of the terms of the grant giving her certain rights therein.

Daniel Chase, in his lifetime, was the owner of a large tract of land upon Prudence Island, in the State of Rhode Island, upon which the spring in question is situated. He had three children, Halsey Chase, Rachel H. Chase, now Rachel H. Cram, the respondent, and Paul Chase, the complainant. By deed dated November 26, 1890, Daniel Chase conveyed to his son, Halsey Chase, a tract of land containing about two acres, together with the right to said Halsey Chase, his heirs and assigns, "to take water from my spring for his family use." Daniel Chase conveyed to his daughter, Rachel, by deed dated April 5, 1892, another portion of the aforesaid tract of land amounting to about thirty acres. By this last named deed there was also granted to Rachel H. Chase "a privilege to take water from the spring on my farm, as occasion may require." By deeds dated November 24, 1893, Daniel Chase conveyed the remaining portions of his said farm to his sons, Halsey Chase and Paul Chase. The two last mentioned deeds reserved to the said Daniel Chase the right to cultivate for his own benefit any part or the whole of the said premises thereby conveyed during the term of his natural life. These reservations are of no importance now, Daniel Chase having long since deceased.

While we do not find among the papers in the case any deed, or a copy of any deed, from Daniel Chase to Paul

Chase, such a deed is referred to in the deed of Daniel Chase to Halsey Chase, before mentioned, and the existence of such a deed, including the grant of a right to Paul Chase to take water from the spring for family use being understood and recognized by both parties we may assume it to be existent.

The spring in question is located upon that portion of the farm which was conveyed by Daniel Chase to his son, Paul Chase.

The respondent claims that under the grant to her in the deed from her father, Daniel Chase, under date of April 5, 1892, she acquired an easement in gross in said spring and that she has the right to take water therefrom to any extent and for any purpose, including the purpose of sale, provided she does not reduce the supply below the requirements of Paul Chase and Halsey Chase for family use. With this limitation the respondent contends that she is entitled to bottle and sell broadcast, for her individual benefit, the water of this spring.

The complainant contends that the right conferred upon the respondent does not amount to an easement in gross, but is simply an easement appurtenant to the land conveyed, and that the respondent is therefore restricted to such uses of the water as shall be in some way connected with the use of the land and that any bottling and sale of the same, beyond the premises conveyed would be in excess of any right vested in her by the grant.

We now have the precise question which is submitted to us for consideration. At the hearing before the Superior Court it was claimed by the respondent that the terms of the grant "privilege to take water from the spring on my farm, as occasion may require," were ambiguous and therefore that those words might be explained by oral testimony tending to show the meaning attached to them by the grantor and the intent with which they were used by him. Testimony of that character was admitted but was afterwards excluded by the court, in the consideration of the case, on

the ground that there was no such ambiguity or uncertainty in the words of the grant as would warrant the introduction of such testimony. That oral testimony may be introduced to explain an ambiguity is too well settled to require discussion and we therefore come directly to the question as to whether the language of the grant is ambiguous. The respondent claims that it was the intention of her father, Daniel Chase, to give her an easement in gross in the spring, empowering her to take any quantity of water therefrom and for any purpose which she might see fit, including the purpose of sale, subject to the right of her brothers, Paul and Halsey, to take water for family use. On the other hand the complanant contends that the language of the deed to the respondent clearly indicates an intention to convey an easement as appurtenant to the land therein described and that therefore the respondent is restricted to the use of the water to the thirty acres of land which were conveyed to her by the deed from her father.

The complainant makes no contention that the respondent's use of the water from this spring upon the thirty acres of land covered by the deed from her father or that her furnishing water therefrom to others who may occupy or acquire any portion or portions of said tract would be in excess of her rights under the grant. Neither does the complainant claim that the respondent is restricted to such use or uses of the water as she was making at the time of the grant. The respondent is doubtless entitled to use any quantity of water which may be needed for the full enjoyment of said estate. *Willets* v. *Langhaar*, 212 Mass. 573. *Crosier* v. *Shack*, 213 Mass. 253. The complainant contends that the use of the water must be restricted to the land conveyed by the deed and that the sale of the water, as a product to be used entirely apart from the land, is unwarranted and should be restrained by injunction.

There now appears to be two questions for consideration: (1) Is the grant of the privilege to take water from the spring ambiguous, requiring oral testimony to show the

intent of the grantor ?   (2)   If not ambiguous does the grant create an easement in gross or an easement appurtenant to the land conveyed ?   These questions may be considered together because the contention of the respondent is that the terms of the grant are ambiguous in that it cannot be determined therefrom with certainty whether it was the intention of the grantor to give her an easement in gross or an easement appurtenant to the land.   In determining the question of ambiguity as well as the question as to the nature and scope of the grant, courts may properly (3) consider not only the terms of the grant itself, but the nature of the right and the surrounding circumstances.   *Stovall v. Coggins Granite Co.*, 116 Ga. 376; *Cram v. Chase*, 35 R. I. 98.

Daniel Chase, the father of the complainant and respondent, was the owner of a large farm embracing several hundred acres upon which the spring in question was situated. This spring constituted its most abundant and desirable water supply, furnishing an amount of water sufficient not only for family use, but an amount ample for the purposes of irrigation.   This spring appears to have been for many years the dependable water supply for this farm and the water therefrom to have been used entirely in connection therewith. Later Daniel Chase in distributing his property among his children deeded to them certain portions of this farm and gave to each of them the right to take water from this spring, the sons the right to take water for family use and the daughter to take water as "occasion may require."   The parceling out of the farm by Daniel Chase among his children in this manner and the care which it is apparent he exercised in seeing that the separate parcels should participate in the water supply which had theretofore been an important and necessary adjunct of the whole tract is strongly suggestive if not clearly indicative, of an intent on his part that the water of this spring should continue to be devoted to the uses and demands of this land.

Coming now to the particular words of the grant, "a privilege to take water from the spring on my farm, as occasion may require," we find, in the first place, that these words are contained in the deed from Daniel Chase to his daughter, the respondent here, conveying to her thirty acres of land which formed a part of the original tract of the grantor. Under these conditions it is but reasonable to say that in passing the title of this land to his daughter, coupled as it was with the right to take water from the spring, Daniel Chase must have had in mind and intended that such right should be exercised by his daughter for the benefit of the land which he was conveying to her by the same instrument. If he had no other and further intent the easement (1) would be appurtenant and not in gross. *Lidgerding* v. *Zignego*, 77 Minn. 421. The deed of Daniel Chase to his daughter and the grant of a right to take water included therein, couched in the language that it was, seems to us to indicate, with reasonable certainty, and in the absence of anything to the contrary either in words or circumstances, an intention to place the land given to his daughter in the same situation, regarding the water supply, that it had before occupied as a part of the whole tract. *Cram* v. *Chase*, 35 R. I. 98. The attitude of Daniel Chase through the whole transaction points to an easement appurtenant to the land. While the conveyance of the land may have been the chief element of the transaction, the supply of water was a most important one without which the land would be far less desirable and less valuable. The words "as occasion may require" used in connection with the conveyance of a specific tract of land and under all the circumstances of the present case may, without any exercise of the imagination be fairly and reasonably construed to refer to occasions arising out of the enjoyment of the land and consistent with its requirements.

In *Cadwalader* v. *Bailey*, 17 R. I. 495, this court said: "Whether an easement in a given case is appurtenant or in gross is to be determined mainly by the nature of the right

and the intention of the parties creating it. If it be in its nature an appropriate and useful adjunct to the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant to the land, and not an easement in gross."

(2) Where there is a doubt as to the real nature of the grant the presumption must be in favor of the appurtenant easement; *Smith* v. *Garbe,* 86 Neb. 91; *Houston* v. *Zahm,* 44 Ore. 610. Other authorities hold that an easement should never be construed to be in gross when it can fairly be construed to be appurtenant; *Wagner* v. *Hanna,* 38 Cal. 111; *Callan* v. *Hause,* 91 Minn. 270; *Dennis* v. *Wilson,* 107 Mass. 591; *Willets* v. *Langhaar,* 212 Mass. 573.

In the case of *Hall* v. *Lawrence,* 2 R. I. 218, two tenants in common making partition of the land owned between them, the one granted to the other "free liberty of carrying away gravel and seaweed from the beach belonging to his part of the farm and also stones below high water mark and liberty to tip the seaweed on the bank of his part of said farm." The court held that this grant created a right of common appurtenant to the land of the grantee and that said right was not unlimited but a right in common with the grantor and restricted in extent to so much seaweed and stone as the grantee might have occasion to use on the land set off to him. The language of the grant, "free liberty of carrying away gravel and seaweed," is fully as broad as the language of the grant now under consideration, "as occasion may require," and yet the court held that the right was restricted to the quantity of seaweed and stone which the grantee might have occasion to use on the specific land conveyed.

An easement in gross is defined as a mere personal interest in the real estate of another. *Cadwalader* v. *Bailey,* 17 R. I. 495. The principal distinction between an easement appurtenant and an easement in gross is found in the fact that in the first there is and in the second there is not a

dominant tenement. The easement is in gross and personal to the grantee because it is not appurtenant to other premises. *Wagner* v. *Hanna*, 38 Cal. 111; *Wooldridge* v. *Smith*, 243 Mo. 190; *Houston* v. *Zahm*, 44 Ore. 610; 9 R. C. L. 739. This court said in *Cadwalader* v. *Bailey, supra*, ''the greater weight of the authorities supports the doctrine . . . that easements in gross, properly so-called, are not assignable or inheritable.'' In that case our court seems to have found, or at least to have suggested, that there should be a distinction between easements which can properly be called easements in gross and those which though sometimes called easements in gross in fact amount to an interest in the land which is assignable and descendible, for the opinion continuing says: ''If, however, a right to take soil, gravel, minerals, water from a spring, and the like, from another's land, may properly be denominated an easement, then it is proper to say that an easement in gross, for such it might doubtless be constituted, might be both assignable and inheritable. For the rights enumerated are 'so far of the character of an estate or interest in the land itself that, if granted to one in gross, it is treated as an estate, and may, therefore, be one for life or inheritance.' ''

The respondent argues that the right granted to her is something more than a mere easement appurtenant to the land conveyed, that it is a species of profit *a prendre*, a species of property which being both assignable and descendible is not appurtenant to the land conveyed.

This does not seem to demand extended discussion, for if we assume it to be a profit *a prendre* we must also find it to be appurtenant to the estate in connection with which it is enjoyed. In *Goodrich* v. *Burbank*, 12 Allen, 459, the court said: ''In the case of rights of *profit a prendre*, it seems to be held uniformly that, if enjoyed in connection with a certain estate, they are regarded as easements appurtenant thereto, but if granted to one in gross they are treated as an estate or interest in land, and which may be assignable or inheritable.'' And it was also held in *Bingham* v. *Salene*, 15 Ore. 208, the

court quoting from Washburn, that, "This right of a profit *a prendre,* if enjoyed by reason of holding a certain other estate, is regarded in the light of an easement, appurtenant to such estate; whereas, if it belongs to an individual, distinct from any ownership of other lands, it takes the character of an interest or estate in the land itself, rather than that of a proper easement in or out of the same."

While we concur with the Superior Court in its conclusion that the grant in the deed to the respondent is not ambiguous and that therefore oral testimony tending to show the intent of the grantor was properly excluded, we think that under the grant contained in the deed from her father, Daniel Chase, of April 5, 1892, the respondent has an easement in the spring appurtenant to the land therein conveyed enabling her to use, and to furnish to others to be used thereon, such quantity of the water of said spring as she may see fit, subject of course to the rights of the said Paul Chase and Halsey Chase to take water for family use.

The complainant's appeal is sustained, the decree of the Superior Court is reversed, and complainant may present to this court a form of decree in accordance with this opinion.

*Waterman & Greenlaw,* for complainant.

*Charles E. Tilley,* of counsel.

*Nathan W. Littlefield,* of counsel.