Manuel CINCOTTA, et al.

v.

Edward JEROME.

No. 94–47–A.

Supreme Court of Rhode Island.

June 10, 1998.

Donald D. Page, pro se.

Peter J. Comerford, Providence.

## ORDER

The defendant, Edward Jerome, appeals from a Superior Court judgment in favor of plaintiffs, Manuel Cincotta, John Ledsworth, and Norma Lee Houtchens. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The parties own adjoining property in Tiverton, Rhode Island. A stream runs through the properties, flowing from plaintiffs' land to that of defendant; the flow of the stream is interrupted by a dam located on defendant's property, causing the formation of a pond. The plaintiffs filed a complaint against defendant alleging that defendant increased the size of the dam thereby enlarging the pond and causing it to overflow onto the plaintiffs' property. The plaintiffs requested damages and injunctive relief.

A trial was held before a Superior Court justice siting without a jury; a hearing on the merits was consolidated with the hearing on the preliminary injunction. Following the trial, the justice issued a written decision in which he found that the overflow of the pond onto plaintiffs' land was caused by the defendant's exercise of control over the water level of the pond at the dam. The trial justice rejected defendant's claim that he had a prescriptive right to dam the stream flowing across his property and to flood the plaintiffs' land. If defendant's predecessors in title did overflow plaintiffs' land, the trial justice determined, there was no evidence that it was done in such a way as to acquire an easement by prescription. In addition, the trial justice ruled that defendant had not exercised this right during the past twenty-five years; therefore, defendant abandoned any such right by intentional non-use. The trial justice enjoined defendant from causing the water in his pond to overflow plaintiffs' land and ordered defendant to remove the stop-boards in the dam until the water overflowing plaintiffs' land recedes.

The defendant contends that the trial justice erred in finding that there was no prescriptive easement allowing him to overflow the pond onto the land of plaintiffs. The defendant argues that evidence was presented to show that the pond was used for the harvesting of ice from the mid–19th century until sometime in the 1930s. This court has held that one who claims an easement by prescription must establish open, adverse and continuous use under a claim of right by clear and satisfactory evidence. *Greenwood v. Rahill*, 122 R.I. 759, 412 A.2d 228 (1980). The trial justice concluded that defendant failed to show that the overflow of the pond onto plaintiffs' property was continuous. The evidence that the pond was used to harvest ice does not contradict this finding. The defendant points to no evidence which shows that plaintiffs' property was continuously flooded for any period of time.

The defendant also contests the trial justice's finding that, if there had been an easement for the flooding of plaintiffs' land, it had been abandoned by defendant for many years. The trial justice based this finding upon evidence which showed that defendant has not exercised any right to flood plaintiffs' land for at least twenty-five years prior to 1988. The plaintiffs presented expert testimony to show that the vegetation on the flooded portion of plaintiffs' land is not the type which will grow and survive in standing water. The plaintiffs' expert testified that trees in that area were between forty and fifty years old. This evidence supports the trial justice's finding of abandonment.

The defendant also argues that Manuel Cincotta should not have been allowed to testify to his interpretation of aerial photo-

graphs of the property and to the flow rate of water over the dam. We find no abuse of discretion in the admission of Mr. Cincotta's testimony.

After reviewing the record in this case, we find no error in the trial justice's decision. Therefore, defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.