Marion McAUSLAND

v.

Dennis CARRIER.

No. 2003–300–Appeal.

Supreme Court of Rhode Island.

Sept. 2, 2005.

Noelle K. Clapham, Providence, for Plaintiff.

Melissa M. Horne, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Marion McAusland, appeals from a Superior Court judgment which recognized that the plaintiff had established the existence of a prescriptive easement over the defendant's land, but limited the easement to her individually. The plaintiff challenges the court's ruling that the plaintiff's prescriptive easement is personal in nature and does not benefit her guests, invitees, tenants, or customers.

This case came before the Supreme Court for oral argument on March 1, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided. It is our opinion that the trial justice erred in holding that plaintiff's prescriptive easement was only personal in nature (*i.e.*, that it was an easement in gross). We hold that the easement is an easement appurtenant.

## Facts/Travel

The plaintiff is the owner of a piece of property located at 4414 Old Post Road in Charlestown, where she resides and operates a commercial art gallery. The plaintiff also rents out an apartment on the property. The defendant, Dennis Carrier, owns abutting property located at 4412 Old Post Road in Charlestown.

The plaintiff commenced this action on August 6, 2001, after defendant had erected a fence which obstructed plaintiff's use of a circular driveway that is partially within the boundaries of her property and partially within the boundaries of defendant's property.

Count 1 of plaintiff's complaint[1] sought a declaratory judgment that would declare that plaintiff had acquired an easement by prescription allowing her to have access to and use of the entire circular driveway. The plaintiff asserted that her "use of the entire circular driveway to enter and exit her property * * * has been actual, open, notorious, hostile and continuous and under a claim of right" since April 7, 1980.[2]

The matter was heard before a justice of the Superior Court sitting without a jury. The justice heard testimony from plaintiff, plaintiff's son, and a person who formerly resided on plaintiff's property. The defendant rested at the close of plaintiff's case.

On November 19, 2002, the trial justice issued a bench decision in which he ruled that a prescriptive easement existed in favor of plaintiff. He stated:

"Based on the evidence presented by Mrs. McAusland and the statements made by the defendant, I find that the plaintiff has established a prescriptive easement over the defendant's land by adversely using it for a period of over ten years. However, as I indicated very

1. The plaintiff's complaint contained the following additional counts: declaratory relief—quiet title (count 2); declaratory relief—adverse possession (count 3); trespass (count 4); nuisance (count 5); intentional infliction of emotional distress (count 6); and tortious interference with prospective business relations (count 7).

The plaintiff simultaneously filed a motion pursuant to Rule 65 of the Superior Court Rules of Civil Procedure seeking a temporary restraining order and/or preliminary injunctive relief.

The entire matter was heard on a consolidated basis.

2. The plaintiff had purchased the property at 4414 Old Post Road just a few days before the April 7, 1980 date.

frequently, the question of prescriptive easement is personal in nature to the individual who establishes that easement. It does not apply to, in this case, her tenants or her retail customers. So, judgment for the plaintiff may enter limiting her prescriptive easement to herself alone." [3]

On appeal to this Court, plaintiff argues that the trial justice erred as a matter of law in concluding that plaintiff's prescriptive easement was personal in nature and so did not apply to her tenants or to her customers and would terminate upon her death. The defendant concedes that the evidence presented during trial supports the trial justice's ruling that plaintiff acquired a prescriptive easement in gross; he argues, however, that plaintiff presented *no evidence to support a finding that the easement extended to plaintiff's customers, tenants, or heirs.*

### Analysis

■ In this case, neither party contests the trial justice's finding that plaintiff had established the existence of an easement by prescription. The sole question before us is whether or not the trial justice erred when he found plaintiff's prescriptive easement to be personal in nature.

■ The two types of easements are easements "appurtenant" and easements "in gross." 7 *Thompson on Real Property* § 60.02(f) at 399 (Thomas ed.1994). Ease-

ments appurtenant benefit property and must have both a dominant and a servient tenement. *Id.* Easements in gross, in contrast, benefit a person directly (not solely by virtue of his or her status as the owner of a benefited property); they have a servient tenement, but no dominant tenement. *Id.; see also* Barry J. Kusinitz, *Adverse Possession and Easements,* 47 R.I. B.J. 5, 30 (February 1999).[4]

■ An easement in gross, unlike an easement appurtenant, is "merely a personal right to use the land of another." *Moylan v. Dykes,* 181 Cal.App.3d 561, 226 Cal.Rptr. 673, 676 (1986). An easement in gross "does not pass with the land." *Id.* By contrast, an easement appurtenant "conveys a good and rightful title forever." *Greenwood v. Rahill,* 122 R.I. 759, 763, 412 A.2d 228, 230 (1980).

It is firmly established that "[o]ne who claims an easement by prescription bears the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for at least ten years." *Stone v. Green Hill Civic Association, Inc.,* 786 A.2d 387, 389 (R.I.2001); *see also Cincotta v. Jerome,* 717 A.2d 639 (R.I. 1998) (mem.) *Palisades Sales Corp. v. Walsh,* 459 A.2d 933, 936 (R.I.1983).

■ There is impressive authority to support the proposition that, once the above-referenced burden has been met, a

---

3. The trial justice also expressly held that the easement in question would terminate upon plaintiff's death.

4. The Court of Appeals of Arizona in *Ammer v. Arizona Water Co.,* 169 Ariz. 205, 818 P.2d 190, 194 (1991), described with helpful clarity the difference between an easement appurtenant and an easement in gross:

"An easement may be appurtenant or in gross. * * * An easement appurtenant involves two parcels of land—the dominant tenement, to which the right of use belongs,

and the servient tenement, which is subject to the use. An easement appurtenant is created to benefit the owner of the dominant tenement in the use of his land. * * * An easement in gross, on the other hand, is created to benefit its owner independently of his ownership or possession of specific land. * * * In determining whether a prescriptive easement is appurtenant or in gross, courts consider whether the adverse use took place in connection with and for the benefit of a particular parcel of land."

*presumption* arises "in favor of an easement being appurtenant rather than an easement in gross." *Sullivan Granite Co. v. Vuono,* 48 R.I. 292, 295, 137 A. 687, 688 (1927); *see Chase v. Cram,* 39 R.I. 83, 90, 97 A. 481, 483 (1916) ("Where there is a doubt as to the real nature of the grant, the presumption must be in favor of the appurtenant easement."); *see also Pioneer Sand & Gravel Co. v. Seattle Construction & Dry Dock Co.,* 102 Wash. 608, 173 P. 508, 511 (1918) ("It is well settled in law that easements in gross are not favored; and a very strong presumption exists in favor of construing easements as appurtenant."); 28A C.J.S. *Easements* § 12 at 187 (1996) ("An easement in gross is not favored * * *. [I]n case of doubt, a strong presumption exists in favor of an easement being appurtenant * * *.").[5] As is true with presumptions in general,[6] the presumption in favor of an easement being appurtenant will stand absent a sufficient showing that the easement should be limited to an easement in gross.

In view of these considerations, it is our opinion that the trial justice erred in concluding that the prescriptive easement at issue was only an easement in gross. He failed to explain how, in his view, the legal *presumption* that a prescriptive easement is an easement appurtenant was rebutted in this case. The defendant had the burden of producing evidence sufficient to rebut the presumption that the easement was an easement appurtenant, but he clearly did not do so. Instead, he opted simply to rest at the close of the plaintiff's case—in the face of testimony that the plaintiff herself and her guest and clients had used the portion of the circular driveway in question. As a result, the legal presumption that the easement is appurtenant remained entirely unrebutted.

## Conclusion

We affirm the judgment of the Superior Court to the extent that it recognized the existence of a prescriptive easement, but we vacate so much of the judgment as limits the prescriptive easement to the plaintiff personally. The record may be remanded to the Superior Court for proceedings consistent with our decision.

---

**5.** We realize that many of the cases that set forth the principle that a prescriptive easement is presumptively an easement appurtenant involved alleged easements based upon a deed or other written instrument. We are not aware of many cases that articulate the rule in the context of a prescriptive easement, but neither are we aware of any authority that disapproves of the application of the rule in the latter context. One who claims a prescriptive easement must bear a substantial evidentiary burden before the courts will recognize the validity of the claim; but, once a prescriptive easement has been held to exist, we see no reason why there should not be a presumption that it is an easement appurtenant.

**6.** *See* Graham C. Lilly, *An Introduction to the Law of Evidence* § 3.2 at 62 (3d ed. 1996) ("[B]ecause a presumption founded on established facts creates a compulsory finding that remains obligatory until the presumed fact is rebutted, the raising of a presumption has a mandatory procedural effect: generally, it shifts to the opposing party the *burden of producing evidence.*").