SULLIVAN GRANITE COMPANY *vs.* ANNUNZIATO VUONO.

JUNE 2, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Deeds. Construction. Easements.*

In construing a written instrument the court will consider all of the facts and circumstances existing at the time of its execution, such as the relation of the parties, the nature and situation of the subject matter and the apparent purpose of making the instrument, and effect will be given to the intention of the parties whenever that intent can be ascertained in so far as the rules of law will permit.

(2) *Eastments. Appurtenant and in Gross.*

X. wishing to build a railroad through Y's land purchased the necessary strip of land. The agent of X. agreed that Y. should have a right of way over this strip from one part of his farm to the other, which right of way

was necessary for the full use and enjoyment of the farm. Deed provided, "But the said (grantor) shall have a right of way across said land where he selects at or near the spring."—

*Held,* that the parties intended the way to be an easement for the benefit of the farm and not a personal right in Y.

*Held,* further, that the easement passed to the grantee of Y. by deed containing the usual habendum clause although no mention was made of the right of way.

(*3*)  *Easements, Appurtenant and in Gross.*

Easements will be construed as appurtenant and not in gross if such construction is consistent with the nature of the right created and with the intention of the parties creating it, and the presumption is in favor of an easement being appurtenant.

(*4*)  *Easements. Deeds.*

An easement appurtenant will pass by a deed of the dominant estate even though not specifically mentioned, under the habendum clause in the deed.

TRESPASS. Heard on exception of defendant and sustained.

SWEENEY, J.    This is an action of trespass to recover damages for the destruction of a fence inclosing plaintiff's land. Defendant claimed that he had a right of way over plaintiff's land and removed only that portion of the fence which obstructed his use of the way.

After trial by a justice of the Superior Court, (jury trial having been waived) decision was rendered for plaintiff. Defendant has brought the case to this court by his bill of exceptions, claiming that the decision is against the law and the evidence.

March 10, 1913, Wayland A. Saunders conveyed by warranty deed a strip of land 100 feet wide and about 1577 feet long to plaintiff corporation, then known as the Crumb Quarry Company. This strip of land ran in a northerly direction through the farm of Mr. Saunders. Immediately after the description of the land conveyed was written this clause: "But the said Wayland A. Saunders shall have a right of way across said land where he selects at or near the spring." Mr. Saunders lived on the farm until February, 1920, when he conveyed all of it by warranty deed to defendant and his wife. In this deed the farm was described

in general terms and excepted therefrom the strip of land conveyed to the Crumb Quarry Company. The deed contained the usual *habendum* clause "to have and to hold the aforegranted premises, with all the rights, privileges and appurtenances thereunto belonging, etc." No mention was made in this deed of the right of way reserved by Mr. Saunders in his deed to plaintiff. Defendant took immediate possession of the farm and has resided thereon ever since. On the westerly portion of the farm near the highway is located the farmhouse in which Mr. Saunders and the defendant have lived. Easterly of the farm house and about 160 feet west of the land conveyed to plaintiff is a spring. Defendant testified that after he purchased the farm he used that portion of it east of plaintiff's land for pasturage, and usually crossed plaintiff's land near the spring until November, 1924, when plaintiff inclosed its land with a fence. Defendant removed the portion of the fence which obstructed his right of way and this action was commenced.

The trial justice was of the opinion that Mr. Saunders never selected a location for the right of way and that, as he did not mention it in his deed to defendant, the right to the way was surrendered or waived. In this conclusion the trial justice erred for the uncontradicted testimony of Mr. Saunders is that he crossed the plaintiff's land a great many times at or near the spring during the seven years he lived on the farm. He also testified that when he gave the deed to Mr. Sullivan (plaintiff's agent) he told him there was to be a right of way across by the spring and that Mr. Sullivan replied: "You may have it anywhere you see fit."

The rights of the parties depend upon the construction to be given to the clause creating the right of way. Plaintiff contends that the right of way was a right for Mr. Saunders personally and did not pass to defendant and his wife by Mr. Saunder's deed to them. In other words, that it was an easement in gross and not appurtenant to the farm. In construing a written instrument the court will consider all of the facts and circumstances existing at the time of its

execution, such as the relation of the parties, the nature and (1) situation of the subject matter and the apparent purpose of making the instrument,—*Wesley* v. *Cartier & Sons Co.*, 30 R. I. 403; 18 C. J. 346,—and effect will be given to the intention of the parties whenever that intent can be ascertained, in so far as the rules of law will permit. *Fisk* v. *Brayman*, 21 R. I. 195; *Tillinghast* v. *Fry*, 1 R. I. 53.

Plaintiff wished to build a railroad through Mr. Saunders' (2) farm. For this purpose it purchased the necessary strip of land. Its agent agreed that Mr. Saunders should have a right of way over this strip of land from one part of his farm to the other. Undoubtedly it was detrimental to the farm to be thus divided. The right of way was necessary for its full use and enjoyment. We are of the opinion that the parties intended the way to be an easement for the benefit of the farm and not a personal right in Mr. Saunders.

Easements will be construed as appurtenant, and not in (3) gross, if such construction is consistent with the nature of the right created, and with the intention of the parties creating it. *Cadwalader* v. *Bailey*, 17 R. I. 495. The presumption is in favor of an easement being appurtenant rather than an easement in gross. *Chase* v. *Cram*, 39 R. I. 83. We have held that a devise of land with privilege to use a well created an easement rather than a mere personal right and passed by a deed of the land, although the easement was not mentioned, because the easement had attached to and ran with the land. *Khouri* v. *Dappinian*, 46 R. I. 163. In *McCoy* v. *C. M. & St. P. R. Co.*, 176 Ia. 139, it was held that the clause in a deed "we reserve the right of using the water from said premises for stock purposes" created an easement appurtenant to the farm of the grantors and passed to their successive grantees. In *Winthrop* v. *Fairbanks*, 41 Me. 307, a reservation in a deed "reserving forever for myself, the privilege of passing with teams and cattle across the same, in suitable places, to land I own to the south of the premises" was held to create an easement appurtenant to the land of the grantor. See also *Smith* v. *Ladd*, 41 Me. 314.

Under our decisions an easement appurtenant will pass
(4) by a deed of the dominant estate, even though not specific-
ally mentioned, under the *habendum* clause in the deed.
*Kenyon* v. *Nichols,* 1 R. I. 411; *Khouri* v. *Dappinian,*
supra.

The evidence proves that defendant and his wife were the
owners of the Saunders farm with the easement appurte-
nant thereto, namely, a right of way across plaintiff's land
near the spring. As defendant removed only that portion
of plaintiff's fence which obstructed his use of the right of
way, the decision should have been for him. Defendant's
exception to the decision of the trial justice for the plaintiff
is sustained.

Plaintiff may appear before this court on the 6th of June,
1927, at 9 o'clock, a. m., Standard time, and show cause, if
any it has, why an order should not be made remitting the
case to the Superior Court for Washington County with
direction to enter judgment for the defendant.

*A. T. L. Ledwidge,* for plaintiff.

*George F. Troy, M. Walter Flynn,* for defendant.