**UNITED STATES of America**

v.

**Nancy K. BEALS and Gladys K. Beals.**

**Civ. A. No. 2954.**

United States District Court
D. Rhode Island.

Jan. 26, 1966.

Raymond J. Pettine, U. S. Atty., William J. Gearon, Asst. U. S. Atty., Providence, R. I., for plaintiff.

William E. McCabe, John T. Walsh, Providence, R. I., for defendants.

DAY, District Judge.

In this action the United States of America seeks a declaratory judgment that it has title to certain real estate, that the defendant Gladys K. Beals is under an obligation to purchase the same from the United States of America, and that the defendant Nancy K. Beals has no right, title or interest in said real estate. Jurisdiction of this action exists under the provisions of 28 U.S.C. § 1345.

In its complaint the plaintiff alleges that on or about April 25, 1956, pursuant to the provisions of the Federal Property and Administrative Services

Act of 1949, as amended, the General Services Administration offered a sealed bid invitation for the sale of certain surplus real property facilities particularly described in said complaint; that said bid invitation, a copy of which is attached to said complaint, provided that the plaintiff made no guarantee or warranty, express or implied, as to the quantity, quality, character, etc., of the property and further provided that conveyance of the plaintiff's interest in said property would be made by a good and sufficient deed, without warranty, express or implied; that the defendant Gladys K. Beals was the high bidder for said property, her bid being in writing and in the amount of $11,009 and was accompanied by a deposit of $1,100.90; that said bid was accepted in writing by the plaintiff on May 29, 1956; that plaintiff has at all times been ready to offer a conveyance of said property to the defendant Gladys K. Beals upon payment of the balance of said purchase price, but that she has questioned plaintiff's title thereto and refuses to accept a conveyance thereof and to pay the balance of the contract price to the plaintiff.

Plaintiff further alleges that it obtained title to said real property from Edmund W. Davis and Maria Davis, his wife, by deed dated May 27, 1908, and that said defendant Gladys K. Beals states that plaintiff's title to said real property is subject to a reverter interest in the defendant Nancy K. Beals, as successor in interest to Edmund S. Davis, sole devisee under the will of E. Steuart Davis, the said E. Steuart Davis being the sole devisee under the wills of the said Edmund W. Davis and Maria Davis, and, further, that said Nancy K. Beals asserts her interest by virtue of an alleged right of reverter in said deed of May 27, 1908.

In her answer the defendant Gladys K. Beals admits the allegations in plaintiff's complaint that she submitted a bid to purchase said real property, that it was accepted by the plaintiff and that she has questioned plaintiff's title thereto and refused to pay the balance of the contract price therefor. She further alleges that plaintiff is not entitled to the relief it seeks because its title to said real property is unmarketable in that said deed, dated May 27, 1908, did not grant to the United States of America title in fee simple, but granted merely a determinable fee or fee with condition subsequent with right of re-entry for condition broken reserved by the grantors and their successors in title in the event the United States ceased to use said real estate for a lifesaving station; that when the United States of America ceased to use said real property for a lifesaving station, its interest therein terminated and a right of re-entry became vested in the successor in title of the said Edmund W. Davis and wife, Maria Davis. Further answering, the defendant Gladys K. Beals alleges that prior to April 26, 1956, the General Services Administration falsely and erroneously stated in a writing addressed to her husband and which was brought to her attention that the plaintiff had an absolute fee simple title in said real property, and, as a result thereof, she was influenced in making the bid. She prays that this Court will declare that the United States of America has no interest in said real estate, that said contract is unenforceable and that the interest of the said Nancy K. Beals in said property be determined. In her answer, by way of counterclaim, she seeks the recovery of said sum of $1,100.90 paid by her as a deposit with said bid.

In her answer the defendant Nancy K. Beals similarly asserts that said deed of May 27, 1908 did not grant a title in fee simple to the plaintiff, but granted only a determinable fee and that plaintiff's interest in said real property terminated when it ceased to use said real property for a lifesaving station; and that she is the owner of the title to said real property as the successor in title to the said grantors in said indenture running from Edmund W. Davis and Maria Davis to the United States of America, by virtue of a deed from Edgar Steuart Davis and wife, Constance N. Davis,

dated November 6, 1961, and her re-entry, forfeiture, claim of title and notice thereof, as recorded in the Land Records of the Town of South Kingstown on July 11, 1962. She also joins in the prayer for a declaratory judgment and prays that this Court will declare that she is the owner of the title to said real property and that the United States of America has no right, title or interest in and to said real property.

This matter was heard by me upon an agreed statement of facts signed by counsel for the parties in which were incorporated by reference the following documents, duly authenticated copies of which were introduced in evidence as exhibits, viz.: (1) indenture between Edmund W. Davis and wife, Maria, and the United States, dated May 27, 1908, (2) bid invitation for sale of surplus real property and bid of Gladys K. Beals which was accepted in writing by plaintiff, (3) last will and testament of Edmund W. Davis, who died on June 19, 1908, testate, which was admitted to probate in the Town of Narragansett, in the State of Rhode Island, (4) last will and testament of his wife Maria, who died on June 2, 1918, testate, which was also admitted to probate in said Town of Narragansett, (5) last will and testament of Edmund Steuart Davis, sole devisee under the will of said Maria Davis, who died on November 17, 1955, (6) deed from Edgar Steuart Davis, the grandson of Edmund W. Davis and wife, Maria Davis, to Nancy K. Beals, dated November 6, 1961 and recorded in the Record of Land Evidence of South Kingstown on November 15, 1961, (7) an instrument purporting to be the exercise by the said Nancy K. Beals of said alleged right of re-entry for condition broken, dated July 9, 1962, and recorded in the Records of Land Evidence of the Town of South Kingstown on July 11, 1962.

In their agreed statement of facts the parties agree that the premises involved herein were conveyed to the United States of America in accordance with the Act of Congress of March 3, 1875, to-wit, for a lifesaving station by the Coast Guard, on May 27, 1908, for $250.00, by Edmund W. Davis and Maria Davis, his wife; that by 1956, the use of said real property by the Coast Guard had ceased, and, it having been determined to be surplus to the Government's needs, the General Services Administration invited bids for the purchase of said property; that on May 25, 1956, the defendant Gladys K. Beals submitted the highest bid of $11,009 which was accompanied by a deposit of $1,100.90; that said bid was accepted in writing by the plaintiff on May 29, 1956, and that plaintiff still retains said deposit of $1,100.90.

The parties further agree that on June 11, 1956, the General Services Administration forwarded to the said Gladys K. Beals a copy of the instrument by which it proposed to convey said property to her; that thereafter, on July 2, 1956, her counsel informed the General Services Administration that the Title Guarantee Company of Rhode Island questioned the title of the United States of America and its right to convey said property, stating that a member of the Davis family contended that upon the cessation of the use of said property as a lifesaving station the title thereto reverted to the grantors, their heirs and devisees.

It is also stipulated between the parties that Edgar Steuart Davis, the grandson of the original grantors and their successor in chain of title, purportedly conveyed his right, title and interest in said premises to the defendant Nancy K. Beals on November 6, 1961, by an instrument which was recorded in the Land Records of the Town of South Kingstown, on November 15, 1961, and that on July 9, 1962, the said Nancy K. Beals executed and recorded in said Land Records of said Town of South Kingstown, on July 11, 1962, an instrument giving notice that she had exercised her right of re-entry into the premises hereinbefore described, as successor in title of Edmund W. Davis and Maria Davis, the grantors in said indenture with the United States, dated May 27, 1908.

The instrument by which said real property was conveyed to the plaintiff, dated May 27, 1908, reads in material part as follows:

"WHEREAS, the Secretary of The Treasury has been authorized by law to establish the Life-Saving Station herein described;

And whereas, Congress, by Act of March 3, 1875 provided as follows, viz: 'And the Secretary of the Treasury is hereby authorized whenever he shall deem it advisable, to acquire, by donation or purchase, in behalf of the United States, the right to use and occupy sites for life-saving or life-boat stations, houses of refuge, and sites for pierhead Beacons, the establishment of which has been, or shall hereafter be, authorized by Congress;'

And whereas, the said Secretary deems it advisable to acquire, on behalf of the United States the right to use and occupy the hereinafter-described lot of land as a site for a Life-Saving Station, as indicated by his signature hereto;

NOW, THIS INDENTURE between Edmund W. Davis and Maria, his wife, of the Town of Narragansett, County of Washington, State of Rhode Island, parties of the first part, and the United States, represented by the Secretary of the Treasury, party of the second part, WITNESSETH that the said parties of the first part, in consideration of the sum of two hundred and fifty dollars ($250) by these presents grant, demise, release and convey unto the said United States all that certain lot of land situate in Green Hill, Town of South Kingstown, County of Washington, State of Rhode Island and thus described and bounded:

(description of land)

be the contents what they may, with full right of egress and ingress thereto in any direction over other lands of the grantors by those in the employ of the United States, on foot or with vehicles of any kind, with boats or any articles used for the purpose of carrying out the intentions of Congress in providing for the establishment of Life-Saving Stations, and the right to pass over any lands of the grantor [sic] in any manner in the prosecution of said purpose; and also the right to erect such structures upon the said land as the United States may see fit, and to remove any and all such structures and appliances at any time; the said premises to be used and occupied for the purpose named in said Act of March 3, 1875;

To have and to hold said lot of land and privileges unto the United States from this date;

And the said parties of the first part for themselves, executors, and administrators, do covenant with the United States to warrant and defend the peaceable possession of the above-described premises to the United States, for the purposes above named, for the term of this covenant, against the lawful claims of all persons claiming by, through, or under them.

\*　\*　\*　\*　\*　\*

And it is further stipulated, that the United States shall be allowed to remove all buildings and appurtenances from the said land whenever it shall think proper, and shall have the right of using other lands of the grantors for passage over the same in effecting such removal.
\*　\*　\*"

Said instrument was signed and sealed by the said Edmund W. Davis and Maria Davis, his wife, and by L. A. Coolidge, Acting Secretary of the Treasury.

■ The issue to be determined here is—did said indenture convey to the United States an estate in fee simple or some lesser interest in said land? It is well settled that a cardinal rule in the

construction of deeds and other written instruments is to endeavor to give effect to the intent of the parties whenever that intent can be ascertained, insofar as the rules of law will permit, Sullivan Granite Company v. Vuono, 1927, 48 R.I. 292, 137 A. 687; Shartenberg & Robinson v. Ellbey, 1905, 27 R.I. 414, 62 A. 979; Fisk v. Brayman, 1899, 21 R.I. 195, 42 A. 878. In Sullivan Granite Company v. Vuono, supra, 48 R.I. at pages 294 and 295, 137 A. at page 688, the Supreme Court of Rhode Island held:

> "In construing a written instrument, the court will consider all of the facts and circumstances existing at the time of its execution, such as the relation of the parties, the nature and situation of the subject-matter and the apparent purpose of making the instrument. (Wesley v. M. N. Cartier & Sons Co., 30 R.I. 403, 75 A. 626; 18 C.J. 346); and effect will be given to the intention of the parties whenever that intent can be ascertained, in so far as the rules of law will permit * * *."

While said statute, the Act of March 3, 1875 (pursuant to which the Secretary of the Treasury was authorized to acquire property) may have permitted the Secretary to acquire property in fee simple, a careful consideration of the provisions of said indenture convinces me that neither the grantors nor the United States intended that the United States should acquire title in fee simple to the land described in said indenture.

█ Paragraph Three of said indenture reads as follows: "And whereas, the said Secretary deems it advisable to acquire on behalf of the United States the right to use and occupy the hereinafter described lot of land as a site for a Life-Saving Station, as indicated by his signature hereto." This language coupled with that of the statute itself, which is set forth in Paragraph Two of said indenture, clearly indicates in my opinion that said land was being conveyed to and was being acquired by the United States for one purpose only, that is, for use and occupation as a site for a lifesaving station.

Paragraph Four of said indenture grants to the United States full right of egress and ingress over other lands of the grantors with the right to erect structures thereon and to remove them from these lands. But these rights are granted only while the United States is in the process of establishing a lifesaving station on the conveyed land. In connection with the granting of these rights, said paragraph states that "the said premises to be used and occupied for the purpose named in said Act of March 3, 1875." Here, again, in my opinion, there is a clear indication of the intention of the grantors to limit the estate conveyed by restricting the use of the conveyed premises for the sole purpose of lifesaving.

Paragraph Five, the habendum clause, so-called, reads, "To have and to hold the said lot of land and privileges unto the United States from this date." No words appear therein to indicate that an estate in fee simple is being conveyed to the grantee.

The Sixth Paragraph provides that the grantors "do covenant with the United States to warrant and defend the peaceable possession of the above-described premises to the United States, for the purposes above named, for the term of this covenant, against the lawful claims of all persons claiming by, through or under them." If a fee simple were intended to be conveyed by said indenture, the covenants to warrant and defend the possession of said land would not be limited, as here, to specified purposes.

And finally, in Paragraph Seven, the parties stipulated that the United States would be allowed to remove from the conveyed land all structures and appurtenances whenever it thought it proper to do so. The inclusion of this provision in said indenture is clear evidence the parties understood that in the absence of such a provision the United States

445

would not have the right to remove such structures and appurtenances, which it undoubtedly would have if it acquired an estate in fee simple by said indenture. In my opinion this provision is clearly inconsistent with an intent to convey to the United States an estate in fee simple by said indenture.

Considering all of the provisions of said indenture, I find and conclude that the language employed in said indenture clearly manifests the intention of the parties that said land be used and occupied as a site for a lifesaving station and for that purpose only, and that upon the cessation of that use, the interest of the United States therein would terminate and revert to the grantors or their successors in title. When the United States ceased to use said land as a site for a lifesaving station, its interest in said land terminated and it has no interest therein which it can convey to the defendant Gladys K. Beals. Accordingly, I find that its aforesaid contract is invalid and unenforceable. I also find that Nancy K. Beals is the present owner of said land by virtue of said deed from Edgar Steuart Davis, the successor in title to the said Edmund W. Davis and Maria Davis, his wife.

If she had desired, it is clear that the defendant Gladys K. Beals could have brought an action against the United States under the Tucker Act, 28 U.S.C. § 1346(a) (2), to recover the deposit paid by her in accordance with the terms of said contract. The United States having instituted this action relating to said contract against her, it was proper for her to invoke the same jurisdiction by way of counterclaim. United States v. Silverton, 1952, 1 Cir., 200 F.2d 824. Since said contract is invalid and unenforceable, the defendant is entitled to recover said sum of $1,100.90 with interest thereon.

Counsel for the defendants will prepare and present for entry a judgment in accordance with the findings and conclusions hereinbefore set forth.