**SELECTMEN OF the TOWN OF NAHANT**

v.

**UNITED STATES of America.**

Civ. A. No. 67–263–F.

United States District Court
D. Massachusetts.

Dec. 5, 1968.

André R. Sigourney, Boston, Mass., for plaintiff.

O. S. Sughrue, Asst. U. S. Atty., for defendants.

## OPINION

FRANCIS J. W. FORD, District Judge.

This action, in which plaintiff town by its substitute complaint seeks to recover from the United States compensation for the use and occupancy of certain real estate, raises the question of whether plaintiff or the United States is the owner of the particular lot of land involved.

The interest of the United States in this land was acquired from the plaintiff town, then owner of the land, under an instrument dated October 27, 1898. Under the terms of this deed, the town "in consideration of the sum of one dollar, the receipt of which is hereby acknowledged, and other good and valuable consideration, by these presents grants, demises, releases and conveys unto the said United States all that certain lot of land situate on Short Beach * * the said premises to be used and occupied for the purpose named in said Act of March 3, 1875: To have and to hold the said lot of land and privileges unto the United States from this date. And the said party of the first part for itself, and its successors, does covenant with the United States to warrant and defend the peaceable possession of the above-described premises to the United States, for the purposes above named, for the term of this covenant * * *" The Act of March 3, 1875, 18 Stat. 372, provided: "And the Secretary of the Treasury is hereby authorized, whenever he shall deem it advisable, to acquire by donation or purchase in behalf of the United States, the right to use and occupy sites for life-saving or life-boat stations, houses of refuge and sites for pier-head beacons, the establishment of which has been or shall hereafter be authorized by Congress."

The United States Coast Guard thereafter established and operated a life saving station on the land in question until March 2, 1964. Plaintiff alleges that the United States on that date ceased to operate the life saving station and since that date has retained possession of the land for other purposes. Plaintiff argues that the interest in the premises conveyed to the United States was a fee simple determinable, and that when the United States ceased to use the premises

for the purpose set forth in the original conveyance title to the land reverted to the plaintiff.

■ A fee simple determinable is created by a conveyance which contains words effective to create a fee simple and in addition a provision for the automatic expiration of the estate on the occurrence of a stated event. Restatement, Property § 44. The conveyance here contains no language providing for the expiration of the grantee's estate. There is no language indicating that the estate is to expire when the property ceases to be used for the purposes mentioned or that it is intended to last only so long as the property is so used. Dyer v. Siano, 298 Mass. 537, 540, 10 N.E.2d 451. Cf. Brown v. Independent Baptist Church of Woburn, 325 Mass. 645, 91 N.E.2d 922; Institution for Savings, etc. v. Roxbury Home for Aged Women, 244 Mass. 583, 139 N.E. 301; First Universalist Society of North Adams v. Boland, 155 Mass. 171, 29 N.E. 524, 15 L.R.A. 231. The mere recital in the deed of the purpose for which the land conveyed was to be used is not in itself sufficient to impose any limitation or restriction on the estate granted. Barker v. Barrows, 138 Mass. 578; Rawson v. Inhabitants of School District No. 5, 7 Allen (89 Mass.) 125; Packard v. Ames, 16 Gray (82 Mass.) 327. Clearly under Massachusetts law, the 1898 deed gave the United States an estate in fee simple absolute.

■ Assuming, however, that the United States did receive in 1898 only a fee simple determinable in the land[1], plaintiff still could not prevail. Mass. G.L. Ch. 260 § 31A is a statute of limitations which provides in substance, as applicable here, that no proceeding based on a possibility of reverter of land subject to a fee simple determinable created before January 2, 1955 shall be maintained after January 1, 1964 unless before January 1, 1964 the reverter had occurred, or the person entitled to the land if the reverter had occurred had filed in the appropriate registry of deeds a statement giving the required description of the claimed right. The section is expressly made applicable to rights owned by a government or governmental subdivision. Any reverter, if any, in this case did not occur until after January 1, 1964. The plaintiff town has never filed the required statement. Consequently plaintiff's action is barred by § 31A.

■■ Plaintiff argues that § 31A is unconstitutional, apparently on the ground that its application constitutes a taking of property without due process or an impairment of the obligation of contracts. But it is well established that a statute limiting the time for assertion even of preexisting property or contract rights is not unconstitutional provided it allows a reasonable time after its enactment for the assertion of those rights. Mattson v. Department of Labor, 293 U.S. 151, 55 S.Ct. 14, 79 L.Ed. 251; Atchafalaya Land Co. v. F. B. Williams Cypress Co., 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559; Meyer v. City of Eufaula, 10 Cir., 154 F.2d 943; Mulvey v. City of Boston, 197 Mass. 178, 83 N.E. 402. The statute in question, Ch. 260 § 31A, was originally enacted in 1956, fixing the date for compliance as January 1, 1966, and amended in 1961 to make the date January 1, 1964. This clearly gave plaintiff reasonable time to take the required steps to protect any right of reverter which it might have in the land in question.

■ There is no merit to the contention that the Act of March 3, 1875 limited the United States to acquiring a mere right to use and occupancy of land. It seems a reasonable interpretation of the act that it authorized the Secretary of the Treasury to acquire land under

---

1. Some cases arising in other states have interpreted language identical to or similar to the language in the deed involved here as conveying only a fee simple determinable. United States v. Beals, D.C., 250 F.Supp. 440; United States v. Roebling, D.C., 244 F.Supp. 736; Etheridge v. United States, D.C., 218 F.Supp. 809.

any kind of title, including estates in fee simple absolute or fee simple determinable which would ensure the right of the United States to use and occupy the land for the specified purposes for an indefinite time in the future. Cf. 29 Opinions of the Attorney General 48.

The motion of the United States for summary judgment is allowed.