226 N.J. Super. 8 (1988)
543 A.2d 457
UNITED STATES TRUST COMPANY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK AND JAMES D. IRELAND, CO-TRUSTEES OF THE DOROTHY W. ALLEN 1961 TRUST, PLAINTIFFS-APPELLANTS,
v.
THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 9, 1988.
Decided March 4, 1988.
Motion for Reconsideration Granted March 5, 1988.
Argued June 7, 1988.
Decided June 20, 1988.
*10 Before Judges ANTELL, R.S. COHEN and DEIGHAN.
Richard O. Venino, Jr., attorney for appellants.
W. Cary Edwards, Attorney General, attorney for respondents (Michael R. Clancy, Deputy Attorney General, of counsel; Robert P. Grabowski, on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
This is an action for possession of land. In 1894 plaintiffs' predecessors deeded a parcel of land in Monmouth Beach to the United States for use as a life-saving station. In 1965 the United States vacated the property and permitted it to be used by the State of New Jersey. In 1968 the United States deeded its interest in most of the parcel to the State. Plaintiffs' thesis is that the 1894 deed to the United States conveyed an estate in fee simple determinable, and that the interest of the United *11 States terminated in 1965 when it stopped using the parcel for a life-saving station. The State's position is that the 1894 deed conveyed to the United States an estate in fee simple absolute, which was then conveyed to New Jersey. The State also argues that, even if the United States acquired only a determinable fee, the estate terminates only if the use changes. It has not, the State says, because the the State has continued substantially the same use. Plaintiffs respond that the United States, as holder of a determinable fee, could not convey to a third party an interest which ended when it stopped using the property. The Law Division ruled for the State, holding that it received a fee simple absolute from the United States. Plaintiffs appealed. We affirm.
An Act of March 3, 1875 authorized the Secretary of the Treasury
to acquire, by donation or purchase in behalf of the United States, the right to use and occupy sites for life-saving or life-boating stations, houses of refuge and sites for pier-head beacons....
Pursuant to that authority, the United States paid $2,400 for a deed from plaintiffs' predecessors affecting a 1.10 acre parcel in Monmouth Beach. The deed was a printed form prepared by the United States. Since its language is central to our determination, the relevant parts are reproduced in full:
WHEREAS, The SECRETARY OF THE TREASURY has been authorized by law to establish the LIFE-SAVING STATION herein described;
And whereas, Congress, by Act of March 3, 1875, provided as follows, viz: "And the Secretary of the Treasury is hereby authorized, whenever he shall deem it advisable, to acquire, by donation or purchase, in behalf of the United States, the right to use and occupy sites for Life-saving or Life-boat Stations, Houses of Refuge, and sites for Pier-head Beacons, the establishment of which has been, or shall hereafter be, authorized by Congress;"
And whereas, the said Secretary of the Treasury deems it advisable to acquire, on behalf of the United States, the right to use and occupy the hereinafter-described lot of land as a site for a Life-Saving Station, as indicated by his signature hereto:
Now, this Indenture between ... [Walton and Baker], parties of the first part, and the United States, represented by the Secretary of the Treasury, party of the second part, WITNESSETH that the said part [sic] of the first part, in consideration of Twenty four hundred Dollars by these presents grant, demise, release, and convey unto the said United States all that certain lot of land *12 situate ... [land description] be the contents what they may, with full right of egress and ingress thereto in any direction over other lands of the grantor by those in the employ of the United States, on foot or with vehicles of any kind, with boats or any articles used for the purpose of carrying out the intentions of Congress in providing for the establishment of Life-Saving Stations, and the right to pass over any lands of the grantor in any manner in the prosecution of said purpose; and also the right to erect such structures upon the said land as the United States may see fit, and to remove any and all such structures and appliances at any time; the said premises to be used and occupied for the purpose named in said Act of March 3, 1875:
To have and to hold the said lot of land and privileges unto the United States from this date.
And the said parties of the first part for themselves, their executors, and administrators, do covenant with the United States to warrant and defend the peaceable possession of the above-described premises to the United States, for the purposes above named, for the term of this covenant, against the lawful claims of all persons claiming by, through, or under them.
And it is further stipulated, that the United States shall be allowed to remove all buildings and appurtenances from the said land whenever it shall think proper, and shall have the right of using other lands of the grantor for passage over the same in effecting such removal.
In deciding what estate was conveyed by the deed, we apply the law of New Jersey, the state where the property is located, Segal v. Greater Valley Terminal Corp., 83 N.J. Super. 120, 124 (App.Div. 1964), even where it is the estate granted to the United States which is at issue, Foster v. United States, 221 Ct.Cl. 412, 607 F.2d 943, 948 (1979). We examine the language of the deed as a whole in the light of the surrounding circumstances to ascertain the intent of the parties. Hammett v. Rosensohn, 26 N.J. 415, 423 (1958).
A fee simple determinable is an estate in fee simple which automatically expires upon the occurrence of a stated event. The grantor retains a possibility of reverter upon the breach of the stated condition. The grantee may convey the estate, but the subsequent grantee takes title subject to the same conditions. Lehigh Valley R.R. Co. v. Chapman, 35 N.J. 177, 182, cert. den. 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed.2d 192 (1961). Generally, the intent to create a determinable fee is found in the use of the words of limitation, such as "while," "during," and "so long as." Particular language, however, is *13 not determinative. Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 256 (1958). Words like "revert" or "reversion" are not essential. Simes, Law of Future Interests, § 13 (2d. ed. 1966). Words of limitation merely stating the purpose for which the land is conveyed usually do not indicate an intent to create a determinable fee, although other language in the instrument, the amount of the consideration and the surrounding circumstances may indicate such an intent.[1]Hagaman v. Bd. of Ed. of Tp. of Woodbridge, 117 N.J. Super. 446, 452 (App.Div. 1971); Restatement, Property, § 44, Comment m., 120-130 (1936). Deed language alleged to create a determinable fee, or a fee subject to a condition subsequent, is strictly construed to avoid a forfeiture. Hagaman, 117 N.J. Super. at 453; Johnson v. City of Hackensack, 200 N.J. Super. 185, 190 (App.Div. 1985).
The issue presented by this case has been before five United States District Courts, which reached varying results. The first was Etheridge v. United States, 218 F. Supp. 809 (E.D.N. Caro. 1963). There, under North Carolina law, an identical printed deed to the United States under the same statute was held to convey only a fee simple determinable. The court reasoned that the deed's words, "the ... Secretary ... deems it advisable to acquire ... the right to use and occupy the ... lot ... for a Life-Saving Station" coupled with the statute meant the land was acquired for one purpose only, and that such language places a limitation on the fee conveyed. Such a conclusion, standing alone, would be improper under New Jersey law. Hagaman, 117 N.J. Super. at 452. The court viewed the $100 consideration paid by the United States as "nominal." That is not the case here, where the United States paid $2,400. The court also noted that the grantors warranted the grantee's *14 peaceable possession "for the purpose above named for the term of this conveyance." If a fee simple absolute had been conveyed, the court reasoned, time and purpose limitations on the covenant would have been inappropriate. Finally, the court noted that various provisions for ingress, egress and the construction and removal of structures were restricted to the stated purpose of the conveyance. In all, the court found sufficient language to limit the estate granted to a determinable fee.
The next case was United States v. Roebling, 244 F. Supp. 736 (D.N.J. 1965), which was decided under New Jersey law. It was a suit by the United States for specific performance of a contract to sell a parcel it had earlier acquired by the same form deed for a life-saving station pursuant to the 1875 federal statute. The vendee defended on the assertion that the United States did not have marketable title.
The court correctly stated that a vendee would not be required to buy if it was reasonably probable that he would have to initiate or defend litigation to establish good title. See Gaub v. Nassau Homes, Inc., 53 N.J. Super. 209, 223 (App.Div. 1958). The court concluded that "a substantial question concerning the plaintiff's title exists," and therefore refused specific performance. It referred approvingly and extensively to Etheridge, supra, and in dicta said it would reach the same result if the title question itself was before it.
Next was United States v. Beals, 250 F. Supp. 440 (D.R.I. 1966). It involved a 1908 deed in the same form to the United States of a Rhode Island parcel under the 1875 legislation for $250. The court decided that the intention of the parties was to deal with less than a fee simple absolute. It cited the deed language signifying the single purpose of the property acquisition, the accompanying easement across grantors' lands solely in connection with the purpose, the limited covenant of warranty and the right granted the United States to remove structures, a right which the court said would not have been necessary *15 to express in the case of conveyance of a fee simple absolute. The court cited neither Etheridge nor Roebling nor any Rhode Island substantive law on the particular subject.
After Beals came Selectmen of Town of Nahant v. United States, 293 F. Supp. 1076 (D.Mass. 1968), involving the same problem under Massachusetts law. Without reference to Etheridge, Roebling and Beals, the court reached the opposite result. The Massachusetts rule was that the mere recital in a deed of the purpose for which the land was to be used is not itself sufficient to limit or restrict the estate granted. The court noted further that the 1875 Act authorized the Secretary of the Treasury to acquire any kind of title. Without language providing for expiration of the grantee's estate or language limiting the estate to the time when the property is under the particular use, the court held the deed conveyed a fee simple absolute.
The last of the five cases is Lethin v. United States, 583 F. Supp. 863 (D.Or. 1984). It also involved a form deed to the United States for life-saving purposes under the 1875 Act. The deed was held to have conveyed a fee simple absolute. The court held that under Oregon law, a deed recital of the purpose for which the land was conveyed was to be used was insufficient to limit the estate granted in the absence of clear indication of the intent to create such a limitation or an automatic expiration of the estate or a reversion. 583 F. Supp. at 871-872.
In our view, the holdings of Selectmen of Town of Nahant and Lethin comport with the law of New Jersey. We had a similar case in Hagaman v. Bd. of Ed. of Woodbridge, 117 N.J. Super. 446 (App.Div. 1971). There, a 1925 deed to the Board of Education said:
It is the understanding of the parties to this conveyance that the hereinabove described land is conveyed solely for the purpose of being used for the erection and maintenance of a public school or schools....
A school was built and later closed in 1968. The land was then used for a playground. Plaintiff, a child of the grantors, *16 claimed the right to the property because it was no longer being used for a public school. We ruled that the quoted language was insufficient to limit the Board's estate.
And so it is here. The deeds drawn by the United States pursuant to the 1875 Act describe the use for which the properties were acquired. But the Act did not limit the kind of estate which could be acquired, and the deeds contained no words of limitation, such as "while," "during" or "as long as," and they did not refer in any way to a reverter. The deed provisions for access over grantors' land aid the intended use of the property but are not needed for other possible uses. The provisions for erecting and destroying buildings are unnecessary expressions of rights already contained in the estate conveyed. The $2400 paid for the Monmouth Beach property was, for all we know, the market value of the parcel at the time; it does not signify conveyance of a limited interest.[2] There is no evidence in the deed, or the price or the circumstances, of an intent to return the property to the grantors if the contemplated use of the property ended. If present, such an intent could simply and straightforwardly have been expressed.
Deed language alleged to create a determinable fee is strictly construed, to avoid a forfeiture. Hagaman, 117 N.J. Super. at 453. We have no doubt that the United States bought the properties purchased under the 1875 Act to use for life-saving stations. We see no warrant under New Jersey law to construe the language of purpose contained in this deed as an expression of intent to return the property to the grantor when the purpose has been exhausted or satisfied.
We have no occasion to deal with the State's contention that plaintiffs are guilty of laches, or that the State's use of the parcel is the same as that of the United States and therefore *17 even a determinable fee is still viable. We also do not deal with the question whether the language of the deed to the United States created any rights to enforce limitations on use or to damages for exceeding those limitations.
Affirmed.
NOTES
[1] N.J.S.A. 46:3-13, enacted after the date of the deed to the United States, provides that every deed conveys the entire estate of the grantor "unless an exception be made therein." We need not deal with the effect of the statute, since it may not be given retroactive effect on deeds made before it was enacted.
[2] There was no evidence of the market value of the parcel in 1894. As to this factual issue, plaintiffs had the burden of proof.