Crescenzo **CONTI**

v.

John **HINES** et al.

No. 94–184–Appeal.

Supreme Court of Rhode Island.

June 5, 1995.

William Chaika, Chaika & Chaika, William Poore, Poore & Rosenbaum, Providence, for plaintiff.

William E. Carnes, North Providence, Craig Scott, Hinckley, Allen, Snyder & Comen, Providence, Paula Cuculo, Lincoln, Edmund L. Alves, Jr., Gorham & Gorham, Providence, Joseph Montalbano, N. Providence, John Hines, Pro Se, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the plaintiff to appear and show cause why his appeal should not be denied and dismissed. In this case the plaintiff, Crescenzo Conti

(Conti), has appealed from the entry of final judgment in favor of the numerous defendants based on the plaintiff's failure to file a title abstract in accordance with a previous stipulation to comply with G.L.1956 (1984 Reenactment) § 34–16–2.

■ This in rem action to quiet title was filed in 1987 and involves title to about 450 small lots of land in Smithfield, Rhode Island. Sometime after filing the action on November 17, 1987, plaintiff was served with a request for production of a title abstract and report pursuant to Rule 34 of the Superior Court Rules of Civil Procedure. The plaintiff had failed to follow the mandate of chapter 16 of title 34 that obligated him, among other things, to file a title abstract with the court upon the commencement of the action.

On July 25, 1991, the court, responding to a motion to compel production of documents, ordered plaintiff to produce the title abstract and report by August 14, 1991. On August 27, 1991, plaintiff filed a response to the court order, stating that "there is no complete abstract and report on title in plaintiff's possession."

On October 16, 1991, the matter was continued to March 18, 1992, to provide plaintiff with an additional nine months from the date the title abstract and report was first requested to produce the abstract and report. On March 25, 1992, plaintiff's attorney withdrew her representation of plaintiff. The case was rescheduled to September 21, 1992, to allow plaintiff to retain other counsel and prepare the matter for trial.

Prior to trial defendants moved to dismiss because of plaintiff's on-going failure to comply with the mandate in § 34–16–2. On September 21, 1992, the trial justice granted plaintiff an additional ninety days to file a title abstract. The court granted a conditional motion to dismiss, agreed by all parties, including plaintiff, should the title abstract not be filed on December 21, 1992. The plaintiff was advised by the trial justice in no uncertain terms that the consequence of not filing an abstract would be dismissal. Once again plaintiff failed to comply, and thus, on January 8, 1993, the motion to dismiss was granted.

■ After this action had been filed, an order was entered in the Superior Court on May 27, 1988, granting the motion of Edward Notorantonio, Sr., and Edward Notorantonio, Jr., to sever their interests for trial separate and apart from the remaining defendants in this action. It has been brought to this court's attention that on October 4, 1982, a judgment was entered in the Superior Court quieting title in Edward Notorantonio, Jr., to 5 lots numbered lot Nos. 3, 4, 5, 6, and 7 on that plat entitled "Chestnut Knoll Park Drawn by J.E. Judson, C.E. Pawtucket Reduced by R.S. Mowry, April 1913," which said plat is recorded in the Land Evidence Records of the Town of Smithfield on plat card No. 29. These are the interests that were severed from this case for trial separately.

"Once a judgment of a court having the requisite subject-matter jurisdiction has become final, it is a violation of the principles of res judicata to permit a collateral attack on the basis of error * * *." *George v. Infantolino,* 446 A.2d 757, 759 (R.I.1982). For these reasons, the plaintiff's appeal with regard to the Notorantonio defendants is denied and dismissed on the merits. The notice of the pendency of that appeal with regard to those five lots, recorded in the Land Evidence Records of Smithfield, should be expunged or nullified forthwith.

In regard to the remaining defendants, after reviewing the other memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The plaintiff Conti's appeal is denied and dismissed, the order of dismissal appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.