**Evelina COSTA et al.**

v.

**Carol Ann SILVA.**

**No. 2009–126–Appeal.**

Supreme Court of Rhode Island.

June 9, 2010.

Jeremiah R. Leary, Esq., Tiverton, for Plaintiff.

Raymond A. LaFazia, Esq., Warwick, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON for the Court.

This case arises out of a real property dispute in the town of Tiverton. The defendant, Carol Ann Silva, appeals from a Superior Court judgment declaring that she did not benefit from an easement over her neighbors' property and enjoining her from trespassing on that property. On appeal, the defendant contends that the trial justice erred in two primary respects: (1) in declining to rule upon the defendant's adverse possession claim; and (2) in granting injunctive relief to the plaintiffs. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### I

### Facts and Travel

The real property controversy in this case relates to a particular alleged right-

of-way (referred to by the parties as "the Factory Privilege") over a parcel of land in Tiverton owned by plaintiffs. The plaintiffs initiated this lawsuit when defendant allegedly trespassed on their land and brought in excavation equipment in an attempt to transform the Factory Privilege into a more permanent roadway. Ms. Silva testified that she planned to upgrade the Factory Privilege so that she could more easily gain access to a parcel of land termed the "Meadow Lot," of which she claimed ownership.

In their complaint, plaintiffs requested (1) an injunction preventing Ms. Silva from trespassing on their land; (2) a declaratory judgment indicating that Ms. Silva has no easement over their land; and (3) compensation for damages resulting from Ms. Silva's intentional trespass onto their property.

These properties were also the subject of a prior lawsuit, entitled *Carol Ann Manchester and Leonard W. Manchester v. Samuel Cory*, NC84–320, 1990 WL 10000199 (the *Cory* case).[1] In her complaint in the *Cory* case, Ms. Silva alleged that she and her then-husband owned the Meadow Lot and that the only access to such lot was through the property of Mr. Cory (the predecessor in interest to the instant plaintiffs). Ms. Silva and her then-husband sought a declaratory judgment to the effect that they had an easement over the Factory Privilege. They further sought injunctive relief in order to enjoin Mr. Cory from interfering with their use of the Factory Privilege.

In due course, the *Cory* case proceeded to a nonjury trial in the Newport County Superior Court, at the conclusion of which the trial justice issued a written decision denying the claim of the present defendant (Ms. Silva) and her then-husband. Final judgment was entered in favor of Mr. Cory on December 19, 1990. In his decision in the *Cory* case, the trial justice stated that, since Ms. Silva alleged that she had an easement appurtenant[2] over the Factory Privilege, she would be required to first demonstrate by clear and convincing evidence that she and her then-husband owned the Meadow Lot—the parcel which adjoined and would be accessed by the purported right-of-way. The trial justice then found that Ms. Silva had not demonstrated that she and her then-husband owned the Meadow Lot. The trial justice stated that he found to be credible a surveyor's testimony that Ms. Silva and her then-husband had never been deeded the Meadow Lot. The trial justice in the *Cory* case stated in conclusion that, "[s]ince the Plaintiffs [Ms. Silva and her then-husband] failed to demonstrate that they own the Meadow lot[,] this [c]ourt need not address the issue of whether [they have] an easement in [t]he Factory Privilege." (Internal quotation marks omitted.) In addition, the trial justice in the *Cory* case explicitly stated that he was not addressing the issue of whether Ms. Silva and her then-husband might have obtained title to the Meadow Lot through adverse possession, since that issue had not been raised at trial.

In the instant case, plaintiffs filed a motion for partial summary judgment, arguing that the issues before the court in this case had already been raised and decided in the *Cory* litigation. Having re-

---

1. The defendant in the case at bar, Carol Ann Silva, was previously known as Carol Ann Manchester.

2. Black's Law Dictionary defines the term "easement appurtenant" as "[a]n easement created to benefit another tract of land, the use of [the] easement being incident to the ownership of that other tract." *Black's Law Dictionary* 586 (9th ed. 2009); *see also* *McAusland v. Carrier*, 880 A.2d 861, 863 (R.I. 2005).

viewed the motion, the memoranda submitted in support thereof, and the evidence in the record, a motion justice in the Newport County Superior Court concluded that "the confused and incomplete record makes it impossible to consider granting the motion." Accordingly, the motion justice denied plaintiffs' motion for summary judgment.

Thereafter, a different justice in the Newport County Superior Court (sitting without a jury) conducted a trial and heard testimony with respect to this case on several dates from August through October of 2007.

On August 1, 2007, the trial justice heard the expert testimony of James Amarantes, a retired land surveyor who had also testified in the *Cory* case. Mr. Amarantes testified (as he had previously testified in the *Cory* case) that, after having completed an exhaustive analysis of the chain of title, he had found no evidence that Ms. Silva owned the Meadow Lot. On September 6, 2007, the trial justice allowed plaintiffs to renew their motion for partial summary judgment, in which motion plaintiffs argued that, in view of the prior decision in the *Cory* case, the doctrine of *res judicata* barred the instant litigation. The trial justice reserved ruling on that motion and opted to hear the testimony of the following witnesses: Manuel Furtado (one of the plaintiffs); Donald J. Medeiros (a land surveyor called by defendant); and Ms. Silva. On September 20, 2007, the trial justice, over plaintiffs' objection, permitted Ms. Silva to amend her answer to include a claim of adverse possession with respect to the Meadow Lot. And on October 24, 2007, the trial justice heard further testimony from Ms. Silva.

On July 5, 2008, the trial justice issued a written decision. In her decision, the trial justice set forth her finding that "[t]he credible evidence overwhelmingly establishes that the Defendant is not and cannot be the record title owner of the Meadow Lot." (Footnote omitted.) As did the trial justice in the *Cory* case, the trial justice in the case at bar declared that "no easement burdening the Plaintiffs' land has been established or proven." The trial justice also granted plaintiffs' request for injunctive relief, stating that, "after evaluating all of the relevant, credible evidence, [it was her conclusion] that the Plaintiffs are entitled to the injunctive relief they seek, i.e., restraining the Defendant from trespassing upon their land." (Footnote omitted.) The trial justice, having found that "[t]here is no evidence whatsoever contained in the record that the Defendant, Carol Ann Silva, acted at any time with malice or with a deliberate intent to trespass," declined to grant plaintiffs compensatory damages for Ms. Silva's alleged intentional trespass.

The trial justice further ruled that Ms. Silva's claim of adverse possession was "futile," because "none of the requirements per G.L. [1956] § 34–16–1 *et seq.* regarding notice and procedure have been satisfied; nor have the rightful owners of Meadow Lot been advised of the Defendant's claim to the land." However, the trial justice declined to rule that Ms. Silva would be "forever barred by res judicata [from] pursuing her adverse possession claim."

Judgment was entered in favor of plaintiffs on August 5, 2008.[3] The defendant filed a timely notice of appeal.

---

**3.** The judgment incorporated the trial justice's decision by reference, and it read in pertinent part as follows:

"1. Defendant does not hold record title to the parcel of land located in the Town of Tiverton, Rhode Island and shown

## II

### Standard of Review

This Court gives great weight to the factual findings of a trial justice sitting without a jury in a civil matter, and we will not disturb such findings unless they are "clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Harris v. Town of Lincoln*, 668 A.2d 321, 326 (R.I.1995); *see also Union Station Associates v. Rossi*, 862 A.2d 185, 193 (R.I. 2004). We also review deferentially a trial justice's determination as to mixed questions of law and fact. *Narragansett Electric Co. v. Carbone*, 898 A.2d 87, 97 (R.I. 2006); see also *Hawkins v. Town of Foster*, 708 A.2d 178, 182 (R.I.1998).

However, "[i]n contrast to our deferential stance vis-a-vis factual findings made by a trial justice, we review in a *de novo* manner a trial justice's rulings concerning questions of law." *Grady v. Narragansett Electric Co.*, 962 A.2d 34, 41 (R.I.2009); *see also Nye v. Brousseau*, 992 A.2d 1002, 1008 (R.I.2010).

In addition, we "will reverse the decision of a trial justice to grant or deny a permanent injunction only when it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong." *Holden v. Salvadore*, 964 A.2d 508, 512–13 (R.I.2009) (quoting *Renaissance Development Corp. v. Universal Properties Group, Inc.*, 821 A.2d 233, 236 (R.I.2003)); *see also Hilley v. Lawrence*, 972 A.2d 643, 648 (R.I.2009).

## III

### Analysis

Ms. Silva has raised two primary contentions on appeal: (1) that the trial justice erred in declining to pass upon defendant's adverse possession claim; and (2) that the trial justice erred in granting injunctive relief to the plaintiffs.[4] We affirm the rulings of the trial justice with respect to both points.

### A

### Adverse Possession

In her written decision, the trial justice ruled that Ms. Silva's adverse possession claim was "futile" because defendant did not comply with the requirements of G.L.1956 chapter 16 of title 34 and did not notify the record owners of the Mead-

---

on Exhibits 37 and 38 filed herein and otherwise known as the 'Meadow Lot'.
"2. Defendant has no right to trespass on or pass over in any manner Plaintiffs' land as said land is described in Plaintiffs' Complaint.
"3. The Defendant's claim of adverse possession is futile in the context of this proceeding and the Court declines to rule thereon.
"4. The Court declares that Defendant has no easement burdening the land of Plaintiffs' as said land is described in Plaintiffs' Complaint.
"5. Defendant and her agents, servants, and employees are permanently restrained and enjoined from trespass-

ing in any manner whatsoever on the land of Plaintiffs as said land is described in Plaintiffs' Complaint."

4. The defendant also contends that plaintiffs lack standing in this action. However, because defendant did not raise this issue before the trial justice, we deem her argument with respect to standing to have been waived. *See Direct Action for Rights and Equality v. Gannon*, 713 A.2d 218, 222 (R.I.1998) (stating that "standing is a separate and distinct legal concept from subject-matter jurisdiction" and indicating that standing can be waived by a party's failure to raise the issue before the trial justice).

ow Lot of her claim.[5] Ms. Silva contends that "[i]t was clear [error] of law for the trial judge to refuse to rule on [her] clearly established adverse possession claim."

Ms. Silva, citing *Sleboda v. Heirs at Law of Harris,* 508 A.2d 652 (R.I.1986), contends that notice is not required in an adverse possession case. In essence, *Sleboda* held that a party's right of redemption may be extinguished by adverse possession, reasoning that the General Assembly has provided a statutory scheme for quieting title. *Id.* at 656. The defendant asserts that she has met the statutory requirements of adverse possession that are set forth in § 34–16–7 and that were specifically alluded to in *Sleboda. See Sleboda,* 508 A.2d at 656.

■ It is true that § 34–16–7 creates a "rebuttable presumption" of adverse possession where there has been "[o]pen, adverse, exclusive, and uninterrupted possession and enjoyment by the plaintiff, or by his or her predecessors in title or both the plaintiff and predecessors together of the real estate or his, her, or their interest therein described in the complaint, for a period of at least ten (10) years * * *." *See Sleboda,* 508 A.2d at 656. However, *Sleboda* also stands for the proposition that, in order to reap the benefits of adverse possession pursuant to § 34–16–7, a party must first satisfy the procedural requirements of chapter 16 of title 34. *Sleboda,* 508 A.2d at 656–57.

■ Chapter 16 of title 34 sets forth a mechanism whereby "[a]ny person or persons claiming title to real estate" may bring an action to quiet title. Section 34–16–1. The statute provides a method whereby interested parties must be given notice and joined as necessary parties to

such an action. Section 34–16–2. The statute also provides the procedure for service of process upon known resident and nonresident defendants and upon unknown defendants or those with unknown addresses. Sections 34–16–10, 34–16–11, and 34–16–12. Before hearing a claim of adverse possession, a trial justice must be satisfied that there has been full compliance with the statutory requirements as to service of process. Section 34–16–13. This Court has further held that compliance with these statutory provisions is required before a party may properly assert a claim of adverse possession. *See Conti v. Hines,* 659 A.2d 117, 118 (R.I.1995) (affirming the dismissal of an action to quiet title due to the plaintiff's failure to comply with § 34–16–2); *Day v. Edmondson,* 68 R.I. 382, 388, 27 A.2d 904, 907 (1942) ("The trial justice properly refused, in the absence of certain necessary parties, * * * to adjudicate complainant's alleged ownership of the title * * * by virtue of her claim of adverse possession * * *.").

It is undisputed that Ms. Silva did not provide notice to and join as necessary parties the record owners of the Meadow Lot pursuant to chapter 16 of title 34. Therefore, it is our judgment that the trial justice properly declined to reach the merits of Ms. Silva's adverse possession claim.

## B

### Injunctive Relief

■ After having found that Ms. Silva was not the record owner of the Meadow Lot, and after having declined to rule on the merits of Ms. Silva's adverse possession claim because the record owners were not before the Superior Court, the trial justice granted injunctive relief in favor of

---

**5.** The record reflects that the record owners of the Meadow Lot are the heirs of one Josh-  ua C. Durfee.

the plaintiffs. The trial justice based her decision largely on the "credible and comprehensive testimony of Mr. Amarantes * * *." In her written decision, the trial justice summarized the "relevant conveyances" which Mr. Amarantes had recounted in "painstaking detail." It is our judgment that, in granting injunctive relief in favor of the plaintiffs, the trial justice did not misapply the law, misconceive or overlook material evidence, or make factual findings that were clearly wrong. *See Hilley*, 972 A.2d at 648. Accordingly, we affirm the trial justice's grant of injunctive relief in favor of the plaintiffs.

## IV

### Conclusion

For the reasons set forth in this opinion, the judgment of the Superior Court is affirmed. The record may be remanded to that tribunal.