May 22, 2026

**Supreme Court**

No. 2024-371-Appeal.
No. 2024-382-Appeal.
(PC 22-1793)

| | |
|---|---|
| Joan Strassman | : |
| v. | : |
| Karen Howe. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joan Strassman       :

v.            :

Karen Howe.        :

Present:  Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Long, for the Court.**  The plaintiff, Joan Strassman (Ms. Strassman

or plaintiff), appeals from an order of the Superior Court denying a motion to charge

the garnishee, IGT Global Solutions Corporation, now known as Brightstar Global

Solutions Corporation[1] (the garnishee or Brightstar), in satisfaction of a judgment

awarded in favor of the plaintiff and against the defendant, Karen Howe (Ms. Howe).

Ms. Strassman challenges the decision of the Superior Court not to impose liability

for the full amount of the judgment upon the garnishee pursuant to G.L. 1956

---

[1] Brightstar filed a motion to change name of party, which we granted.

§ 10-17-15.[2]  Brightstar filed a cross-appeal challenging the constitutionality of § 10-17-15 as implicated in the plaintiff's appeal.

For the reasons stated in this opinion, we affirm the order of the Superior Court.

## Facts and Procedural History

This case stems from a September 30, 2022 judgment in the amount of $109,250, plus interest and costs, entered in favor of Ms. Strassman and against Ms. Howe.  Ms. Strassman obtained a post-judgment order granting a motion to attach Ms. Howe's wages.  A constable served the writ of attachment on the authorized agent for Brightstar, Ms. Howe's then-employer, on February 17, 2023.   A month later, on March 20, 2023, Ms. Strassman filed a motion to charge the garnishee the full amount of the judgment (first motion to charge), on the grounds that the garnishee had "failed to submit a garnishee's affidavit within twenty (20) days of the service of the writ of [a]ttachment," as required by § 10-17-4.  Ms. Howe passed away on March 22, 2023.[3]

---

[2] Ms. Strassman refers to the relevant statute as "§ 10-17-15.1" in her papers.  We refer instead to G.L. 1956 § 10-17-15, however, because it is clear to us that that is the statutory provision to which Ms. Strassman intends to refer.

[3] Both parties agree that this Court possesses jurisdiction over their dispute notwithstanding Ms. Howe's death.

The garnishee subsequently filed multiple affidavits pursuant to § 10-17-2(a), but the affidavits were notarized by a notary whose commission had expired, and their filing occurred beyond the statutory time limit specified in § 10-17-4.

A justice of the Superior Court granted plaintiff's first motion to charge the garnishee the sum of $110,000, plus interest and costs. An execution issued and was served on the garnishee in July 2023. The garnishee successfully moved to vacate the order granting the motion to charge and the subsequent writ of execution; the garnishee also filed new affidavits, with valid notary stamps, containing information about the wages it had garnished from Ms. Howe between its receipt of the writ of garnishment on February 17, 2023, and Ms. Howe's death in late-March 2023.[4]

On March 4, 2024, Ms. Strassman filed a second motion to charge the garnishee in satisfaction of the judgment against Ms. Howe (second motion to charge). Ms. Strassman argued that the garnishee had "failed to submit a garnishee's affidavit within twenty (20) days of the service of the writ of [a]ttachment against defendant, and which was served on the garnishee on February 17, 2023."

A second justice of the Superior Court held hearings on Ms. Strassman's second motion to charge on August 28 and September 3, 2024.[5] Ms. Strassman

---

[4] At oral argument before this Court, both counsel for plaintiff and Brightstar clarified that the garnished wages were subsequently tendered to plaintiff's counsel and, thereafter, to Ms. Strassman herself.

[5] Ms. Strassman has provided this Court with a transcript of the September 3, 2024 hearing only.

argued that § 10-17-15 entitled her to receive the full value of the judgment against Ms. Howe directly from the garnishee as a result of its failure to timely file legally valid affidavits as required by §§ 10-17-2, -3, and -4. For its part, the garnishee argued that it had appropriately garnished Ms. Howe's wages and had ultimately filed valid affidavits with the correct information even after its late filing of the first set of affidavits. Accordingly, the garnishee argued, Ms. Strassman had not been injured and it therefore should not be liable for the full amount of the judgment. Moreover, the garnishee argued that it could be liable under § 10-17-15 only if the requisite affidavits were not filed because of its "refus[al] or neglect to render, on oath, the account required" by § 10-17-2. Here, however, the garnishee maintained that it had not "refused nor neglected to file" the affidavits.

The hearing justice issued a bench decision denying plaintiff's second motion to charge. He found that plaintiff had "fail[ed] to explain how Section 10-17-15 applies to this case or what statutory authority would allow this [c]ourt to impose liability" given that she had conceded that the garnishee had not refused or neglected to supply the account. Finally, the court determined that the garnishee had provided evidence that it had garnished Ms. Howe's wages and, therefore, "[t]here has been no injury to plaintiff, and plaintiff has received these withheld wages." Accordingly, the hearing justice denied plaintiff's second motion to charge because the garnishee "did not refuse or neglect to render, on oath, the account."

An order denying Ms. Strassman's second motion to charge entered on September 17, 2024. Ms. Strassman and the garnishee filed timely notices of appeal; this Court consolidated the appeals for purposes of briefing and argument.

**Standard of Review**

This Court reviews questions of statutory interpretation *de novo*. *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008)). The Court also "must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, [and] not as if each section were independent of all other sections." *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023) (quoting *Beagan v. Rhode Island Department of Labor and Training*, 253 A.3d 858, 861-62 (R.I. 2021)). In undertaking its interpretive task, this Court is required "to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes," *Tiernan v. Magaziner*, 270 A.3d 25, 30 (R.I. 2022) (quoting *Such v. State*, 950 A.2d 1150, 1155-56 (R.I. 2008)), while ensuring that it does not construe a statute to reach an absurd result, *Newport and New Road, LLC*, 296 A.3d at 96.

- 5 -

"This Court gives great weight to the factual findings of a trial justice sitting without a jury in a civil matter * * *." *Costa v. Silva*, 996 A.2d 607, 611 (R.I. 2010).

**Discussion**

We review whether the hearing justice erred when he declined to impose liability for the full amount of the September 30, 2022 judgment upon the garnishee pursuant to § 10-17-15.

Chapter 17 of title 10 establishes a process to facilitate a creditor's collection of a judgment through a third party that holds assets of a judgment debtor. *See* § 10-17-2(a) (requiring a trustee, upon service of a writ of attachment, to file a written account of "what wages or personal estate, if any, up to the amount of the demands set forth in the writ, the trustee had in his, her, or its hands or possession at the time the writ was served"); § 10-17-3 (requiring that written accounts "shall be sworn to before any person authorized to administer oaths and shall be filed with the clerk of the court to which the writ shall be returnable"); § 10-17-4 (requiring the filing of written accounts "with the court to which the writ is returnable within twenty (20) days after the service" and, with respect to wage garnishments, the monthly filing of supplementary accounts until the occurrence of specific events). Section 10-17-15 provides, in relevant part:

> "If any * * * corporation, served as trustee with a copy of a writ, shall refuse or neglect to render, on oath, the account required by § 10-17-2, of what personal estate of the defendant the trustee had in his or her hand at the time

of the service of the copy, the trustee shall be charged to the amount of the judgment or decree, if any, rendered against the defendant in the suit * * *. The amount for which the trustee is charged may be recovered by a civil action against him or her, except as otherwise provided in [G.L. 1956] § 9-25-24."

Before this Court, Ms. Strassman argues that the garnishee's filing of an affidavit that was "void on its face" and in violation of the "20-day rule," entitles her to recover from the garnishee the full value of the judgment against Ms. Howe pursuant to § 10-17-15. We disagree.

Section 10-17-15 imposes liability upon a trustee for the full value of a judgment rendered against a defendant in instances where the trustee "refuse[s] or neglect[s] to render, on oath, the account required by § 10-17-2 * * *." Section 10-17-15. Here, however, the hearing justice found that Ms. Strassman conceded at the hearing on the second motion to charge that the garnishee had not "refuse[d] or neglect[ed]" to render the account. In light of that concession, Ms. Strassman cannot establish the necessary prerequisites for charging a trustee under § 10-17-15. We therefore cannot conclude that the hearing justice erred when he declined to impose liability for the full amount of the September 30, 2022 judgment upon the garnishee. Because of Ms. Strassman's concession that there was no refusal or neglect in this case, we need not consider whether failure to strictly follow the process described in chapter 17 of title 10 constitutes refusal or neglect under § 10-17-15.

We nevertheless acknowledge that during oral argument before this Court, counsel for Ms. Strassman argued that the finding by the hearing justice that she had conceded the issue of refusal or neglect was erroneous. We note, however, that counsel for plaintiff neither identified a basis for that argument nor provided this Court with the full transcript of the hearing on the second motion to charge. *See 731 Airport Associates, LP v. H & M Realty Associates, LLC ex rel. Leef*, 799 A.2d 279, 282 (R.I. 2002) ("The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business."). Accordingly, this Court is left to review the factual findings of the hearing justice under our typical deferential standard of review. *See Costa*, 996 A.2d at 611. Under that standard, and in light of the record before us, we accept the finding by the hearing justice that Ms. Strassman conceded that Brightstar had neither refused nor neglected to render the account.

Additionally, we observe, as did the hearing justice, that at the time of the hearing on the second motion to charge, the garnishee had already provided Ms. Strassman, through counsel, the wages it had garnished from Ms. Howe prior to her death. Consequently, we agree that Ms. Strassman had suffered "no injury * * * [because] plaintiff has received the[] withheld wages." Having been provided the wages to which the plaintiff was entitled under the wage-garnishment provisions of chapter 17 and having conceded that the garnishee did not "refuse or neglect" to

- 8 -

render an account, it is clear to us that there was nothing left for the garnishee to render to the plaintiff. We therefore affirm the decision of the hearing justice without need to consider the constitutionality of § 10-17-15 as raised in the garnishee's cross-appeal. *See Andrews v. Lombardi*, 233 A.3d 1027, 1034 (R.I. 2020) ("It is a steadfast principle of our jurisprudence 'not to pass on questions of constitutionality unless adjudication of the constitutional issue is necessary.'") (quoting *State v. Lead Industries Association, Inc.*, 898 A.2d 1234, 1238 (R.I. 2006)).

**Conclusion**

For the reasons stated herein, we affirm the order of the Superior Court denying the second motion to charge the garnishee in satisfaction of the September 30, 2022 judgment awarded in favor of the plaintiff against the defendant and remand the papers to the Superior Court.

Justice Goldberg did not participate.

- 9 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Joan Strassman v. Karen Howe. |
| **Case Number** | No. 2024-371-Appeal.<br>No. 2024-382-Appeal.<br>(PC 22-1793) |
| **Date Opinion Filed** | May 22, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Donald R. Lembo, Esq.<br>For Defendant:<br><br>Joseph Avanzato, Esq. |

SU-CMS-02A (revised November 2022)